# PUBLIC

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

Case No. 24-1579

_____

OVIS MATAMOROS CANALES,
on behalf of himself and all others similarly situated,
*Plaintiff-Appellant*

v.

OPW FUELING COMPONENTS LLC,
*Defendant-Appellee*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA WESTERN DIVISION

---

## BRIEF FOR DEFENDANT-APPELLEE OPW FUELING COMPONENTS LLC -PUBLIC (Redacted)

---

DAVID I. KLASS
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: dklass@fisherphillips.com
*Attorney for Defendant-Appellee OPW Fueling Components LLC*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No.  24-1579         Caption:  Ovis Matamoros Canales v. OPW Fueling Components LLC

Pursuant to FRAP 26.1 and Local Rule 26.1,

OPW FUELING COMPONENTS LLC
(name of party/amicus)

who is _____Appellee_____ , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                      ☑YES ☐NO
      If yes, identify all parent corporations, including all generations of parent corporations:

      OPW FLUIDS GROUP, INC.; DOVER PUMPS & PROCESS SOLUTIONS SEGMENT, INC.;
      DELAWARE CAPITAL HOLDINGS, INC.; DELAWARE CAPITAL FORMATION, INC.; ALL OF
      WHICH ARE ULTIMATELY WHOLLY OWNED BY DOVER CORPORATION.

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                         ☑YES ☐NO
      If yes, identify all such owners:

      DOVER CORPORATION

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?     ☐YES ☑NO
    If yes, identify entity and nature of interest:

    N/A

5.  Is party a trade association? (amici curiae do not complete this question)     ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

    N/A

6.  Does this case arise out of a bankruptcy proceeding?     ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

    N/A

7.  Is this a criminal case in which there was an organizational victim?     ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

    N/A

Signature: _____     Date: ___7.9.2024___

Counsel for: OPW Fueling Components LLC

- 2 -     Print to PDF for Filing

iii

**TABLE OF CONTENTS**

Jurisdiction of the Fourth Circuit Court of Appeals ...................................................1

I.    The Order Being Appealed is Not a Final Judgment and the Court Did Not Grant Rule 54(b) Certification.................................................................................1

II.   The Order Is Not Reviewable Under the Collateral Order Doctrine Pursuant to Supreme Court Precedent. ...................................................................................4

III. The District Court's Order Was Not Certified Pursuant to 28 U.S.C. § 1292(b)......................................................................................................................6

ISSUES PRESENTED FOR REVIEW ...................................................................7

STATEMENT OF THE CASE..................................................................................8

I.    FACTUAL BACKGROUND .............................................................................8

II.   RELEVANT PROCEDURAL HISTORY .........................................................8

A.  Canales Files His Original Complaint Containing False Factual Allegations. ........................................................................................................8

B.  Canales Files His First Amended Complaint, Still Containing False Factual Allegations, One Day After Receiving OPW's Rule 11 Safe Harbor Letter, Draft Motion for Sanctions, and Solis's Medical Record................................11

C.  Canales's Counsel Contacts Solis's Family and Lawyers to Support His Motion to Disqualify Counsel for OPW During the Safe Harbor Period.........12

D.  The District Court Denies Canales's Motion to Disqualify OPW's Counsel, Grants in Part OPW's Motion for Sanctions, and Denies Canales's Motion for Reconsideration.................................................................................................13

SUMMARY OF THE ARGUMENT ......................................................................15

STANDARD OF REVIEW ....................................................................................16

ARGUMENT ......................................................................................17

I.   Counsel for Canales Failed to Make the Requisite Reasonable Inquiry
Because Counsel Blindly Relied on Her Client's Limited Knowledge Despite
Being Provided Medical Records that Contradicted Her Client's Information...17

II.  The Additional Medical Records Canales's Counsel Obtained Subsequent to
Filing the First Amended Complaint Do Not Justify Counsel's Failure to
Conduct a Reasonable Investigation Prior to Filing the First Amended
Complaint. ....................................................................................24

III. Counsel for Canales Received Proper Notice Through OPW's Safe Harbor
Letters. .........................................................................................27

IV. The District Court Properly Denied Canales's Motion for Reconsideration on
the Basis of Purportedly Newly Discovered Evidence. .......................................31

    1.  Canales's Evidence is Not "New" and Counsel Could Have Discovered
    the Evidence Had She Made a Reasonable Inquiry into the Disputed Factual
    Allegations. ................................................................................33

    2.  The Evidence is Immaterial and Does not Produce a New Outcome. ......36

V.   Conclusion ...............................................................................38

STATEMENT REGARDING ORAL ARGUMENT ...........................................40

CERTIFICATE OF COMPLIANCE ......................................................41

CERTIFICATE OF SERVICE .............................................................42

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Reliable Ins. Co. v. Stillwell,*
  336 F.3d 311 (4th Cir. 2003) ...............................................................17

*Andrews & Lawrence Pro. Servs., LLC v. Bertinelli,*
  No. 22-1592, 2023 WL 4399233 (4th Cir. July 7, 2023) .................................3, 4

*Baker v. Booz Allen Hamilton, Inc.,*
  358 F. App'x 476 (4th Cir. 2009) .......................................................25

*Barber v. Montgomery Cnty. Gov't,*
  No. 8:17CV1948, 2018 WL 2129681 (D. Md. May 9, 2018)............................36

*In re Bausch & Lomb Inc. Contacts Lens Sol. Prod. Liab. Litig.,*
  No. CA2:06-MN-77777DCN, 2010 WL 1854651, at *2 (D.S.C.
  May 7, 2010).................................................................................34

*Boryan v. U.S.,*
  884 F.2d 767 (4th Cir. 1989) ......................................................32, 34

*Carter v. City of Philadelphia,*
  181 F.3d 339 (3d Cir. 1999) ................................................................3

*Clayton v. Ameriquest Mortg. Co.,*
  388 F. Supp. 2d 601 (M.D.N.C. 2005) ................................................34

*Cleveland Demolition Co. v. Azcon Scrap Corp.,*
  827 F.2d 984 (4th Cir. 1987) ............................................................18

*Comuso v. National R.R. Passenger Corp.,*
  267 F.3d 331 (3d Cir. 2001) ................................................................5

*Cunningham v. Hamilton Cnty., Ohio,*
  527 U.S. 198 (1999)...........................................................................5

*Douglas v. Merck & Co.,*
  456 F. App'x 45 (2d Cir. 2012) ..........................................................5

*Edwards v. TRS Staffing Solutions, Inc.*,
   217 F. App'x 264 (4th Cir. 2007) ............................................................5

*Elliott v. Archdiocese of New York*,
   682 F.3d 213 (3d Cir. 2012) .........................................................1, 2, 3

*Empresas Omajede, Inc. v. Bennazar–Zequeira*,
   213 F.3d 6 (1st Cir. 2000)..........................................................................5

*Fernandez-Pineiro v. Bausch & Lomb, Inc.*,
   429 F. App'x 249 (4th Cir. 2011)............................................................34

*In re Glasco*,
   321 B.R. 695 (W.D.N.C. 2005) ............................................28, 29, 30

*Hixson v. Moran*,
   1 F.4th 297 (4th Cir. 2021) ....................................................................1

*Hunter v. Earthgrains Co. Bakery*,
   281 F.3d 144 (4th Cir. 2002) ................................................................20

*I.P. by Newsome v. Pierce*,
   No. 5:19-CV-228-M, 2020 WL 3405209 (E.D.N.C. June 19, 2020)................34

*IO Moonwalkers, Inc. v. Banc of Am. Merch. Servs., LLC*,
   258 N.C. App. 618, 814 S.E.2d 583 (2018) ........................................3

*Kinsale Ins. Co. v. JDBC Holdings, Inc.*,
   31 F.4th 870 (4th Cir. 2022) ..................................................................2

*In re Kunstler*,
   914 F.2d 505 (4th Cir. 1990) ....................................................*passim*

*Lokhova v. Halper*,
   30 F.4th 349 (4th Cir. 2022) ..........................................................21, 22

*Pritchard v. Wal Mart Stores, Inc.*,
   3 F. App'x 52 (4th Cir. 2001) ..............................................................17

*RGI, Inc. v. Unified Indus., Inc.*,
   963 F.2d 658 (4th Cir. 1992) ................................................................34

*S.E.C. v. Smith*,
    710 F.3d 87 (2d Cir. 2013) ................................................................5

*Scott v. Fam. Dollar Stores, Inc.*,
    733 F.3d 105 (4th Cir. 2013) .........................................................16

*Strickland v. Washington*,
    466 U.S. 668 (1984)........................................................................18

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*,
    899 F.3d 236 (4th Cir. 2018) ....................................................16, 17

*U.S. v. Juvenile Male*,
    554 F.3d 456 (4th Cir. 2009) ...........................................................1

*U.S v. Russell*,
    221 F.3d 615 (4th Cir. 2000) .........................................................18

*United States v. Sueiro*,
    946 F.3d 637 (4th Cir. 2020) ...........................................................4

**Statutes**

28 U.S.C. § 1291 ............................................................................1, 2

28 U.S.C. § 1292(b) .............................................................................6

Fair Labor Standards Act ..................................................................8

North Carolina Retaliatory Employment Discrimination Act ...................8

North Carolina Wage and Hour Act .....................................................8

**Other Authorities**

Fed. R. Civ. P. 11(b)(3)........................................................................18

Rule 11 ...................................................................................*passim*

Rule 11(b)..............................................................................18, 27, 38

Rule 11(c)(2) ............................................................................*passim*

Rule 37 .............................................................................................6

Rule 37(a)................................................................................................5

Rule 54(b)..........................................................................*passim*

## JURISDICTION OF THE FOURTH CIRCUIT COURT OF APPEALS

This Court does not have jurisdiction to hear Plaintiff-Appellant Ovis Matamoros Canales's ("Canales") appeal of the district court's denial of his Motion for Reconsideration. The order is not a final order because the district court never granted Rule 54(b) certification and the order is not reviewable under the collateral order doctrine.

**I.    The Order Being Appealed is Not a Final Judgment and the Court Did Not Grant Rule 54(b) Certification.**

Under the final-judgment rule, "it is elementary that a court of appeals may, as a general proposition, only consider appeals arising from final judgments of the district courts." *U.S. v. Juvenile Male*, 554 F.3d 456, 463 (4th Cir. 2009) (citing 28 U.S.C. § 1291). "A final, appealable decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted)). "Under Rule 54(b), however, a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012).

Rule 54(b) states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). "In certifying a judgment for appeal under Rule 54(b), the district court must first determine whether the judgment is final and second, determine whether there is no just reason for the delay in the entry of judgment." *Kinsale Ins. Co. v. JDBC Holdings, Inc*., 31 F.4th 870, 873 (4th Cir. 2022) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc*., 2 F.3d 1331, 1335 (4th Cir. 1993) (internal quotation marks omitted)). The district court is then to consider several factors in determining whether there is no just reason for delaying the entry of judgment. *Id*. at 874.

Canales asserts that, "[t]his Court has jurisdiction over this appeal because it falls within one of the exceptions to the final judgment rule raised under 28 U.S.C. § 1291 pursuant to Federal Rule of Civil Procedure 54(b)." Doc. 13 at 1. The singular case cited following that statement, *Elliott v. Archdiocese of New York*, 682 F.3d 213 (3d Cir. 2012), however, does not support Canales's assertion. Instead, *Elliot* discusses that the district court's certification of a judgment under Rule 54(b) makes

such an order reviewable on appeal as a final judgment—a certification that did not occur in this case. *Id*. at 219.

Contrary to Canales's assertion that no "magic words" are required for Rule 54(b) certification, this Court has explicitly instructed that "the district court should state [its] findings on the record or in its order[ ]" when certifying an order under Rule 54(b). *Id*.; Doc. 13 at 2. Accordingly, Canales's cited case in support, *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999), is also inapposite. There, the court held that it could discern the propriety of a district court's Rule 54(b) certification of an order despite the district court's failure to provide written reasons for its certification. Here, certification never occurred.

Canales also cites a North Carolina Court of Appeals case, *IO Moonwalkers, Inc. v. Banc of Am. Merch. Servs., LLC*, 258 N.C. App. 618, 814 S.E.2d 583 (2018), in support. The case, however, applies North Carolina Rules of Civil Procedure, not the Federal Rules, and thus, is inapplicable.

Likewise, Canales relies on *Andrews & Lawrence Pro. Servs., LLC v. Bertinelli*, No. 22-1592, 2023 WL 4399233 (4th Cir. July 7, 2023), for the proposition that this Court has jurisdiction over this case despite the lack of express Rule 54(b) certification by the district court. However, in *Andrews*, this Court held that, "[u]nder Rule 54(b), we may review an otherwise interlocutory order if the district court directs 'entry of a final judgment as to one or more, but fewer than all,

claims or parties' and, as here, 'expressly determines that there is no just reason for delay.'" *Id*. at *2 (citing Fed. R. Civ. P. 54(b)).

Along with the lack of the district court's express determination that "there is no just reason for delay" in this case, the facts of this case are also distinguishable from the facts in *Andrews*. The district court in *Andrews* dismissed the third-party complaint and awarded Rule 11 sanctions against the party that had filed the third-party complaint. *Id*. Those orders resolved all the claims between the offending party and the third-party. *Id*. Thus, the Court held that the district court had not abused its discretion in certifying the judgment under Rule 54(b). *Id*. Here, the district court never certified its Order denying Canales's Motion for Reconsideration pursuant to Rule 54(b).

Because the district court never granted Rule 54(b) certification, this Court does not have jurisdiction to hear Canales's appeal.

## II. The Order Is Not Reviewable Under the Collateral Order Doctrine Pursuant to Supreme Court Precedent.

A narrow exception to the final-judgment rule is the collateral order doctrine. *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir. 2020). "Under this exception, a collateral order is immediately appealable if it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits, and (3) is effectively unreviewable on appeal from a final judgment." *Id.* (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984) (cleaned up)).

Canales's interlocutory appeal cannot be reviewed under the collateral order doctrine. *See Cunningham v. Hamilton Cnty., Ohio,* 527 U.S. 198, 202 (1999). In *Cunningham*, the Supreme Court held that a Rule 37(a) "sanctions order imposed on an attorney is not a 'final decision' under 1291" and could not be appealed pursuant to the collateral order doctrine. *Id.* Although this Court has not directly addressed whether *Cunningham* applies to sanctions orders issued under Rule 11, it has held that an appeal of an order imposing sanctions was not appealable as a final judgment, interlocutory order, or under the collateral order doctrine. *Edwards v. TRS Staffing Solutions, Inc.,* 217 F. App'x 264, 265 (4th Cir. 2007) (dismissing the appeal for lack of jurisdiction).

Several other circuits similarly have held that *Cunningham* precludes interlocutory appeals of sanctions under Rule 11 or the Court's inherent authority. *See Douglas v. Merck & Co.,* 456 F. App'x 45, 47 n.1 (2d Cir. 2012) (citing *Stanley v. Woodford,* 449 F.3d 1060, 1063–65 (9th Cir. 2006) (§ 1927 and inherent power sanctions); *Comuso v. National R.R. Passenger Corp.,* 267 F.3d 331, 339 (3d Cir. 2001) (abrogating precedent or appealability of Rule 11 and discovery sanctions and holding inherent power sanctions not immediately appealable); *Empresas Omajede, Inc. v. Bennazar–Zequeira,* 213 F.3d 6, 9 n.4 (1st Cir. 2000) (inherent power sanctions); *S.E.C. v. Smith,* 710 F.3d 87, 96 (2d Cir. 2013) ("We conclude that *Cunningham* applies to appeals of sanctions imposed under Rule 11 as well as under

the district court's inherent powers because, like Rule 37 sanctions, these appeals will often implicate the merits of the underlying action."). Therefore, this Court cannot review the district court's order pursuant to the collateral order doctrine.

### III.  The District Court's Order Was Not Certified Pursuant to 28 U.S.C. § 1292(b).

Canales's interlocutory appeal of the district court's denial of his Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b) has not been certified by the district court pursuant to 28 U.S.C. § 1292(b). *See* JA1-16.

This Court does not have jurisdiction to hear Canales's appeal of the district court's order denying his Motion for Reconsideration and his appeal must be dismissed for lack of jurisdiction.

## ISSUES PRESENTED FOR REVIEW

1.      Whether the Fourth Circuit Court of Appeals has jurisdiction to consider Plaintiff-Appellant Ovis Matamoros Canales's interlocutory appeal of the district court's order denying Canales's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b) of the district court's order granting Defendant-Appellee OPW Fueling Components LLC's ("OPW") Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11.

2.      Whether the district court correctly determined that counsel for Canales failed to conduct a reasonable investigation of factual allegations before filing an amended complaint despite receiving OPW's Rule 11 safe harbor letter and copies of medical records that did not support the allegations.

3.      Whether Canales's counsel received adequate notice of her sanctionable conduct pursuant to Federal Rule of Civil Procedure 11 when OPW's safe harbor letter requested that Canales withdraw the disputed factual allegations and the causes of action that relied upon them.

4.      Whether the district court correctly determined that the additional medical records, purportedly discovered by Canales's counsel after filing the amended complaint, did not support granting Canales's motion for reconsideration.

**STATEMENT OF THE CASE**

## I.    FACTUAL BACKGROUND

OPW primarily operates in the fluid-handling operations industry, including the design and manufacture of clean energy solutions. JA274-275. Canales formerly worked at OPW as a machine operator and welder, operating a plasma machine, at OPW's North Carolina facility. JA275.

On October 28, 2021, Canales noticed his coworker, Narciso Solis ("Solis"), was "struggling" with a machine that was "down." JA283. Canales assisted Solis in trying to repair the machine. *Id.* The attempted repair resulted in Solis becoming injured. *Id*. Following the incident, OPW conducted a workplace investigation, resulting in the termination of Solis's and Canales's employment. JA284, JA286.

## II.    RELEVANT PROCEDURAL HISTORY

### A. Canales Files His Original Complaint Containing False Factual Allegations.

Canales filed his original Complaint on November 16, 2022 in the United States District Court for the Eastern District of North Carolina, Western Division. JA3, JA17. The original Complaint included collective and class action claims under the Fair Labor Standards Act ("FLSA") and North Carolina Wage and Hour Act ("NCWHA") and individual claims under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), intentional infliction of emotional distress, and wrongful discharge. *See* JA17. Canales's Complaint contained factually

8

inaccurate allegations about the injuries and death of Solis. Namely, the Complaint alleged that Solis suffered a fracture to his neck and spine from the accident and spent several months in critical condition before ultimately passing away. JA17 ¶¶ 66, 73-74, 79-80, 142.

Specifically, and among other things, Canales alleged that "[a]pproximately one month before Plaintiff Canales was terminated, an incident occurred where Plaintiff Canales' co-worker, Narciso Solis, ('Solis') *lost his life due to faulty machinery*." JA28 ¶ 66 (emphasis added). Canales alleged that "Solis was taken to the hospital, and it was determined that he suffered a fracture in his spine and neck from the incident. Solis *later* died from complications related to his injuries suffered at Defendant OPW's plant, when it was discovered that he *also had stomach cancer* during an operation for his fractures." JA30 ¶ 73 (emphasis added). Canales further alleged, "had the machinery been evaluated by Defendant's machine technicians, Solis may not have lost his life *that day*, and Named Plaintiff Canales would not have been retaliated against with the loss of his job." JA30 ¶ 74 (emphasis added). Canales alleged that "[o]n November 23, 2021, one week before Plaintiff Canales was terminated, Fran [an alleged 'security officer' for OPW] accused Plaintiff Canales of opening the window and acquiring *the beam which killed Solis . . . .*" JA31 ¶ 79 (emphasis added). Canales also alleged that he "was informed that he was being terminated because he did not stop Solis from using *the beam which caused*

*Solis's death.*" JA31 ¶ 80 (emphasis added). Regarding his claim for intentional infliction of emotional distress, Canales alleged that "[t]he conduct of Fran, ratified by Defendant OPW . . . blaming Plaintiff Canales for the death of Solis, *and firing him for such*, constitutes extreme and outrageous behavior, exceeding all bounds of a civilized society." JA42 ¶ 142 (emphasis added).

Pursuant to Rule 11(c)(2), OPW served a draft motion for sanctions on Canales by email dated January 26, 2023. JA382-402. In that correspondence and motion, OPW informed Canales's counsel that the allegations pertaining to the death of Solis had no factual basis and were sanctionable. *Id*. Specifically, OPW provided Canales with the link to Solis's public, online obituary, which noted he passed away in May 2022, not on the day of the accident as alleged. JA383. OPW also provided Canales with Solis's medical records immediately after the accident, which contradicted the Complaint's allegations. JA395-402. The medical records provided to Canales indicated that Solis ████████████████████████████████
████████████████████ JA396, JA400, JA402. ████████████████
███████████████████████████████████████████
█████████████████ JA399. ███████████████████████████
█████████████████████ *Id.* ██████████████████████
███████████████████████████████████████████

████████████████████████████████████████████████████

*Id.*

Accordingly, OPW asked that "Canales withdraw its factual allegations regarding Solis' death and Canales's Counts 3 through 5 . . . ." JA383. By rule, OPW provided Canales 21 days to cure the defects in the Original Complaint, through February 16, 2023. JA383.

### B. Canales Files His First Amended Complaint, Still Containing False Factual Allegations, One Day After Receiving OPW's Rule 11 Safe Harbor Letter, Draft Motion for Sanctions, and Solis's Medical Record.

The day after OPW served its Rule 11 motion, Canales filed his First Amended Complaint. JA46. The First Amended Complaint, however, still contained several factual allegations that were directly contradicted by Solis's medical records after the injury. JA46 ¶¶ 67, 74, 152.

Specifically, and among other allegations, Canales's First Amended Complaint alleged that "[a]pproximately one month before Plaintiff Canales was terminated, an incident occurred where Plaintiff Canales's co-worker, *Narciso Solis ('Solis'), suffered a life-threatening accident due to faulty machinery.*" JA58 ¶ 67 (emphasis added). Canales alleged that "Solis was taken to the hospital, and *it was determined that he suffered a fracture in his spine and neck from the incident.* Solis spent several months in critical condition *from the accident* before ultimately passing away on or about six (6) months later." JA58 ¶ 74 (emphasis added). Canales further

alleged that "[t]he conduct of Frank, ratified by Defendant OPW . . . blaming Plaintiff Canales for *the accident that ultimately lead* [sic] *to the death of Solis* . . . ." JA74 ¶ 152 (emphasis added). These allegations were directly contradicted by Solis's medical records after the injury, which OPW had provided to Canales prior to his filing the First Amended Complaint. *See* JA382-402. Canales also omitted from his First Amended Complaint that the medical records created immediately after the accident ████████████████████████████████████████ ████████████████████; Canales acknowledged the stomach cancer diagnosis in his original Complaint. *See* JA30 ¶ 73.

Pursuant to Rule 11(c)(2), on February 10, 2023, OPW again informed Canales of the remaining false allegations and served a draft motion for sanctions. JA358-380. OPW requested that Canales "withdraw[ ] the false allegations and Counts 3 through 5" and provided Canales until March 3, 2023 (21 days), to cure the defects in his First Amended Complaint. JA359. Canales did not do so. OPW thus filed its Motion for Sanctions on March 6, 2023. JA122.

### C. Canales's Counsel Contacts Solis's Family and Lawyers to Support His Motion to Disqualify Counsel for OPW During the Safe Harbor Period.

Instead of correcting or withdrawing the false allegation contained in Canales's First Amended Complaint, on March 3, 2023, Canales sought to disqualify counsel for OPW on the basis that he violated the North Carolina Professional Rules of Conduct for use of Solis's medical records in the safe harbor letters. JA79. As

part of Canales's motion, he attached various declarations in support, including that of his counsel, Gilda A. Hernandez ("Hernandez") and Solis's widow, Estrella Solis ("Ms. Solis"). JA88-94.

According to Hernandez's declaration, *after* receiving Solis's medical documents from OPW's safe harbor letters dated January 26, 2023 and February 10, 2023, she "made multiple attempts to reach out to the Solis family[.]" JA 90 ¶ 6. "On or around February 16, 2023, [Hernandez] was able to contact Mr. Solis' former attorney, Matthew Bissette, who was working on a worker's compensation case for Narciso Solis, shortly before his death, but had since withdrawn his representation in the respective matter." *Id*. On or about February 16, 2023, Hernandez contacted Ms. Solis directly. *Id*. at ¶ 7; JA93 ¶ 4. According to Ms. Solis's declaration, during the February 16, 2023 call with Hernandez, Ms. Solis provided Hernandez with the name and contact information for her current legal counsel. JA94 at ¶ 7.

### D. The District Court Denies Canales's Motion to Disqualify OPW's Counsel, Grants in Part OPW's Motion for Sanctions, and Denies Canales's Motion for Reconsideration.

On January 10, 2024, Magistrate Judge Robert T. Numbers, II, denied Canales's Motion to Disqualify OPW's Counsel. By the same order, Magistrate Judge Numbers also granted in part OPW's Motion for Sanctions, requiring Canales's counsel to pay OPW's reasonable expenses and fees up to $10,000 and

prohibiting Canales from relying on three specific unsupported allegations related to Solis's death in any motion, hearing, or trial:

- That Solis suffered a fracture in his spine and neck from the accident;

- That Solis spent several months in critical condition from the accident; and

- That Solis's accident led to his death.

JA403, JA419.

On June 4, 2024, United States District Judge Terrence W. Boyle denied Canales's Motion for Reconsideration of Magistrate Judge Numbers' Order imposing sanctions against Canales and his counsel. JA325. Specifically, the Court found that,

> [P]laintiff[ ]. . . fails to recognize that the basis for the imposition of sanctions was counsel's failure to investigate the facts supporting plaintiff's claims relating to Solis's injuries after receiving a Rule 11 safe harbor letter from defendants and prior to filing the amended complaint . . . it was counsel's failure to conduct what appeared to be any additional investigation after receiving the safe harbor letter and a copy of some of Solis's medical records that was determined to run afoul of Rule 11.

JA329. By subsequent order, the district court required Canales's counsel to pay OPW's reasonable expenses, including attorney's fees incurred with pursuing its motion, up to $10,000.[1] JA331.

---

[1] On August 26, 2024, after Canales filed his Notice of Appeal, the district court stayed its Order denying Canales's Motion for Reconsideration. (ECF 138).

On June 19, 2024, Canales filed his Notice of Appeal of the Court's denial of Canales's Motion for Reconsideration. JA336, JA338.

## SUMMARY OF THE ARGUMENT

Canales's appeal should be dismissed for lack of jurisdiction. The district court's order denying Canales's Motion for Reconsideration of Magistrate Judge Numbers' Order imposing sanctions against Canales and his counsel is an interlocutory order, and no exception to the final judgment rule applies. The district court did not certify the order under Rule 54(b), and this case cannot be reviewed under the collateral order doctrine pursuant to United States Supreme Court precedent.

Notwithstanding the jurisdictional deficiency, the district court's denial of Canales's Motion for Reconsideration was supported by reason and was not in clear error manifesting injustice. The district court properly held that Canales's counsel failed to conduct a reasonable investigation of the factual allegations by blindly believing Canales's information despite contradictory medical records.

Moreover, the additional medical records obtained by Canales after filing his First Amended Complaint cannot justify his counsel's failure to conduct the requisite reasonable investigation pursuant to Rule 11. Canales's argument that he did not receive proper notice despite receiving two safe harbor letters detailing the allegedly violative conduct pursuant to Rule 11 is meritless. Merely because OPW requested

15

that Canales withdraw the false factual allegations and the claims that relied upon them does not negate the fact that Canales was on notice of the violative conduct.

Furthermore, the district court's denial of Canales's Motion for Reconsideration on the basis of purportedly newly discovered evidence was not clearly erroneous because Canales cannot meet all five elements to succeed on his Motion for Reconsideration.

Because the district court's order denying Canales's Motion for Reconsideration was not an abuse of discretion, Canales's appeal is without merit, and the district court's order should be affirmed.

## STANDARD OF REVIEW

The district court's decision on a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) is reviewed under an abuse of discretion standard. *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (citing *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). "A district court abuses its discretion 'by resting its decision on a clearly erroneous finding of a material fact, or by misapprehending the law with respect to underlying issues in litigation.'" *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (quoting *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75, 78 (4th Cir. 1989)).

16

This Court has held that a trial court should only reconsider and revise an earlier ruling in three specific circumstances, "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quoting *Carlson*, 856 F.3d at 325 (internal quotations omitted)). With respect to the third exception, this Court has emphasized "on more than one occasion" that "a prior decision does not qualify for the third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *Id*. at 258 (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (internal brackets omitted)). "When the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized." *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

Similarly, the district court's decision to grant a motion for sanctions under Federal Rule of Civil Procedure 11 is reviewed under the abuse of discretion standard. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 321 (4th Cir. 2003) (citing *Bass v. E.I. Dupont De Nemours Co*., 324 F.3d 761, 767 (4th Cir. 2003)).

## **ARGUMENT**

**I.    Counsel for Canales Failed to Make the Requisite Reasonable Inquiry Because Counsel Blindly Relied on Her Client's Limited Knowledge**

**Despite Being Provided Medical Records that Contradicted Her Client's Information.**

The district court's decision was not made in clear error causing manifest injustice. The district court correctly held that counsel for Canales violated Rule 11(b) by failing to make a reasonable inquiry under the circumstances.

Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(3) (emphasis added). The Fourth Circuit has held that "an attorney has a duty to adequately examine the law and facts relevant to the representation of his client." *U.S v. Russell*, 221 F.3d 615, 620 (4th Cir. 2000). This includes a duty to conduct a reasonable investigation. *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984).

To fulfill this duty under Rule 11, "an attorney must investigate the facts, examine the law, and then decide whether the complaint is justified. *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir. 1987). Courts will use an objective test "to determine the reasonableness of a lawyer's prefiling investigation." *In re Kunstler*, 914 F.2d 505, 514 (4th Cir. 1990) (quoting *Stevens v.*

18

*Laws. Mut. Liab. Ins. Co. of N. Carolina*, 789 F.2d 1056, 1060 (4th Cir. 1986)).

"**Blind reliance on the client is seldom a sufficient inquiry**." *Id.* (emphasis added).

"A complaint containing allegations unsupported by any information obtained prior

to filing, or allegations based on information which minimal factual inquiry would

disprove, will subject the author to sanctions." *Id.* at 514.

      The district court did not abuse its discretion in denying Canales's Motion for

Reconsideration. Counsel for Canales violated Rule 11 because multiple allegations

in his First Amended Complaint lacked any factual basis. Canales's counsel failed

to engage in an objectively reasonable investigation, as required under both Rule 11

and federal common law. OPW provided Canales with Solis's medical records prior

to his filing the First Amended Complaint. Those medical records flatly contradicted

Canales's claims that Solis "suffered a life-threatening accident due to faulty

machinery[,]" "suffered a fracture in his spine and neck from the incident," and

"spent several months in critical condition from the accident[,]" or that "the accident

that ultimately lead [*sic*] to the death of Solis." JA74 ¶¶ 67, 74, 152. Instead, Solis's

medical records plainly showed that ████████████████████████████████████████

████████████████████████████████████ JA396, JA400, JA402. The

records indicate that Solis ████████████████████████████████████████████

████████████████████████████████ *Id*.

19

It is obvious that minimal factual inquiry by Canales's counsel—review of Solis's medical records provided to her—would have disproved the false factual allegations. Nonetheless, Canales's counsel ignored those medical records and blindly relied on "some discussions" with Canales to continue to assert the allegations. Doc.13 at 6. As this Court has repeatedly made clear, counsel's blind reliance on Canales' statements and knowledge was not enough –particularly where a minimal factual inquiry would have easily exposed the inaccuracy of his information. *See In re Kunstler*, 914 F.2d at 514 (quoting *Stevens*, 789 F.2d at 1060). Thus, the district court correctly found that, "[g]iven the medical records' content, Rule 11 obligated [Canales's counsel] to conduct a reasonable inquiry into her client's statements before filing the Amended Complaint." JA416.

Canales relies primarily on two cases that are readily distinguishable. Unlike in this case, the sanctioned attorney in *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144 (4th Cir. 2002), advocated a legal position that was "in a state of flux[ ]" and "supported by a majority of [the] sister circuits, which was later substantially adopted by the Supreme Court." *Id*. at 156. In such instances, this Court held that "maintaining a legal position" is sanctionable when the legal argument has "absolutely no chance of success under the existing precedent." *Id*. at 153. Unlike in this case, the sanctioned attorney's actions in *Hunter* were not based on the absence

20

of factual support for an allegation asserted in a pleading in direct contradiction to medical records.

Likewise, Canales's characterization of and reliance on *Lokhova v. Halper*, 30 F.4th 349 (4th Cir. 2022), is misplaced. In that case, the plaintiff, through her attorney, had filed a lawsuit against numerous parties, including the defendant. That lawsuit was dismissed by the court due to its untimeliness and insufficiently stated claims. *Id*. at 351. In dismissing that lawsuit, the court denied the defendant's motion for sanctions but warned the plaintiff's attorney that, "should he 'file further inappropriate pleadings or pursue frivolous post-judgment litigation against any of these defendants, sanctions might well be justified.'" *Id*. at 351-52. Approximately ten months later, the plaintiff, through the same attorney, filed a new action alleging causes of action for tortious interference with contract and defamation. *Id*. at 352. The allegations were based on facts that occurred after the first action had been dismissed. In particular, the new action alleged that the defendant and his attorney had "contacted the publishers with 'the sole purpose' of causing [the plaintiff's] book contract to be cancelled." *Id*. In response to the complaint and prior to filing an answer, the defendant filed a motion for sanctions under Rule 11 and attached two letters that he had sent to the publishers. The defendant claimed that the letters were "absolutely privileged" and that therefore, the plaintiff's new cause of action

21

was frivolous because the plaintiff could not base her complaint on them. *Id*. The district court agreed and sanctioned the plaintiff and his attorney. *Id*.

On appeal, the Fourth Circuit Court of Appeals reversed the district court's decision because the district court had erroneously held that, under Virginia law, the letters were absolutely privileged when applied to tortious interference claims. *Lokhova*, 30 F.4th at 356. Thus, the district court could not have found that the standard for Rule 11 sanctions was satisfied because "the absolute privilege on which the district court relied to find the complaint frivolous could, at most, extend only to [the plaintiff's] defamation claim and not her tortious interference claim." *Id*. In addition, under Virginia law, a factor for determining the applicability of absolute privilege required a determination that the defendant had sent the letters "solely to interfere with [the plaintiff's] book contract." *Id*. at 357. However, because the record had not been sufficient developed, the court held that the record did not sufficiently show the defendant's intent in sending the letters. *Id*. Thus, the district court should not have determined whether the absolute privilege applied, and the issue remained a question of fact. *Lokhova*, 30 F.4th at 357.

The facts of this case are dissimilar to that of *Lokhova*. Whereas in *Lokhova* the district court was faced with the question of whether a state-specific absolute privilege defense applied such that the plaintiff and her attorney had no legal basis for filing a complaint, in this case, Canales's counsel did not conduct the requisite

reasonable investigation into the factual allegations she included in the First Amended Complaint. Furthermore, where the *Lokhova* district court made an erroneous legal determination, that the state-specific absolute privilege defense applied to tortious interference claims, the district court in this case did not make such a legal error. The district court applied the correct standard and this circuit's precedent set out in *In re Kunstler*, 914 F.2d 505 (4th Cir. 1990), that "a complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." *Id*. at 516; JA413.

Accordingly, Canales's argument misses the point. It is simply inconsequential, even assuming *arguendo*, that Solis's medical records "did not wholly contradict the . . . allegations, barred by the District Court." Doc. 13 at 26. As the district court aptly held,

> Rule 11 requires a party to make a reasonable inquiry into the evidentiary basis for claims *before making them*. So it is not that Canales's factual allegations do not match up to OPW's version of the facts that violates Rule 11, it is Hernandez's *failure to investigate* the evidentiary basis for the allegations that does.

JA417 (emphasis added). Minimal factual inquiry on the part of Canales's counsel would have disproved his asserted false factual allegations, and, therefore, the district court properly held that Canales's counsel had violated Rule 11.

Because the district court's decision was not made in clear error causing manifest injustice, its order should be affirmed.

## II. The Additional Medical Records Canales's Counsel Obtained Subsequent to Filing the First Amended Complaint Do Not Justify Counsel's Failure to Conduct a Reasonable Investigation Prior to Filing the First Amended Complaint.

Canales asserts that his counsel was justified in continuing to rely on factual allegations that were plainly contradicted by Solis's medical records because "such allegations could be proven true[.]" Doc. 13 at 27. Canales's reliance on what other potential evidence might have proven is not justification for plainly ignoring the medical records his counsel had prior to filing his First Amended Complaint. Indeed, Canales's opening brief is riddled with the assertion that his counsel's failure to conduct a reasonable investigation prior to filing the First Amended Complaint was justified because other potential evidence might have contradicted the medical records she received from OPW on January 23, 2023 and February 10, 2023. *See* Doc. 13 at 27-31 ("it could be discovered that Solis suffered a spine or neck fracture from the accident[,]"; only medical records "from months after the accident" "could have demonstrated" whether Solis spent several months in critical condition from the incident; additional medical records could have shown that the incident "played a role [ ] in [Solis's] ultimate death[.]").

Canales fails to recognize that "Rule 11 empowers the district court to sanction a party or lawyer for insisting on a position after it is no longer tenable."

24

*Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 484 (4th Cir. 2009) (citing

*Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 279 (4th Cir. 2006)). In fact,

Canales's reliance on potential documents that might be revealed through discovery

to justify his counsel's failure to conduct a reasonable investigation was squarely

rejected by this Court in *In re Kunstler*, 914 F.2d 505 (4th Cir. 1990). In that case,

the attorneys appealing the Rule 11 sanctions argued that they did not violate the

rule because "unspecified evidence, obtainable through discovery, 'could show'"

that there was factual support for the claims alleged in their complaint. *Id.* at 515.

This Court further explained that:

> While a lawyer may rely on discovery to reveal *additional* facts to
> support claims which are well grounded in fact, Rule 11 sanctions are
> appropriate when a lawyer attempts to use discovery to support
> outrageous and frivolous claims for which there is *no* factual support.
> Unsubstantiated claims such as these constitute an abuse of the judicial
> process for which Rule 11 sanctions were designed.

*Id.* (emphasis original).

Contrary to Canales's assertion, nowhere in the district court's order was the

"incorrect standard" applied by "placing the burden on [Canales's] counsel to

produce additional evidence supporting the allegations in the [First Amended

Complaint] were true . . . " Doc. 13 at 30. Canales misstates the applicable

requirements of Rule 11 and issue before the Court. The issue is not "whether the

evidence provided to [Canales's counsel] prior to filing the [First Amended

Complaint] made it impossible for the allegations to be true." Doc. 13 at 30. Rather,

the issue is "whether a reasonably inquiry into the evidentiary basis for the claims [was made] before making them." JA417.

The district court properly found that Canales's counsel had failed to do so. Canales's counsel failed provide any evidence that she conducted "a reasonable inquiry into the evidentiary basis for the claims before making them[ ]" in the First Amended Complaint. JA417. Aside from counsel's bare assertions in her responsive memoranda, she failed to provide evidence, in the form of a declaration, affidavit, or other evidentiary form, that she had performed any reasonable inquiry. JA415. Moreover, the record clearly demonstrated that Canales's counsel had Solis's medical records when she filed the First Amended Complaint and that "[Hernandez] could have attempted to obtain more information about the challenged statements, either before filing the [First] Amended Complaint or during the 21-day safe harbor period . . . ." *Id*.

Likewise, Canales's assertion that, "outside of relying on [OPW's] version of events, there was nothing more [Hernandez] could have done to investigate the injuries and extent of the same regarding Solis[,]" fails to recognize that Hernandez could have asked Solis's family, through their attorney, for additional medical records, asked whether the allegations at issue were true, or simply inquired about the details of Solis's death. JA418. In fact, the record established, by Hernandez and Ms. Solis's Declaration in support of Canales's Motion to Disqualify, that Canales's

26

counsel spoke to Solis's widow, the attorney for Solis's widow, and a former attorney for Solis's widow all within the 21-day safe harbor period. *Id*.; JA89-91. "Of course, whether Solis's widow would have actually provided information is somewhat beside the point." JA418. Hernandez's failure to conduct any inquiry as to the veracity of the factual allegations that were contradicted by Solis's medical records is what is pertinent.

Canales's counsel clearly did not meet the requirements of Rule 11(b) because she failed to make any reasonable investigation prior to filing the First Amended Complaint. Therefore, the district court's order should be affirmed.

### III.    Counsel for Canales Received Proper Notice Through OPW's Safe Harbor Letters.

Rule 11(c)(2) provides that a party may file a motion for sanctions after providing the other party 21 days to withdraw or correct the specifically described conduct that allegedly violates Rule 11(b). Fed. R. Civ. P 11(c)(2).

Canales erroneously asserts that he did not receive the procedural protections provided by the 21-day safe harbor period pursuant to Rule 11 because OPW's safe harbor letter, served upon Canales by email on February 10, 2023, requested that Canales withdraw the false factual allegations *and* the claims relying on them. Doc. 13 at 34; JA86-87. Merely because OPW asked that Canales withdraw the allegations at issue and the claims relying on them does not mean that Canales had no notice of what actions were alleged to have violated Rule 11. OPW's letter

27

described in detail, with citations to specific paragraphs of the First Amended Complaint, the allegations that were shown to be false in Solis's simultaneously provided medical records. JA358-359. Pursuant to Rule 11(c)(2), the letter properly provided fair notice to Canales and asked that Canales withdraw or correct the false allegations in his First Amended Complaint by March 3, 2023 (21 days). *Id*.

In an attempt to support his assertion that he did not receive proper notice pursuant to Rule 11, Canales discusses a Western District of North Carolina bankruptcy case, *In re Glasco*, 321 B.R. 695 (W.D.N.C. 2005). That case, however, does not support Canales's assertions. There, the district court held that because the appellee's request for sanctions did not "identify the chief specific conduct for which the [a]ppellant was ultimately sanctioned[,]" the court was unable to impose sanctions out of due process concerns. *Id*. at 701. This was, in part, because sanctions were imposed based on the court's inherent authority and bankruptcy-specific rules and statutes, rather than pursuant to Rule 11. *Id*. at 700 (citing Fed. R. Bankruptcy P. 9011, 11 U.S.C. § 105). The appellant's prior notice of the specific conduct subject to sanctions and specific authority for the sanction was limited to the following sentence within the opposing party's response to the appellant's motion for reconsideration:

> Under the circumstances the attempted use of a Car Max "Appraisal Offer" as a statement of market value, the untimely filing of the Motion for Reconsideration, and the improper request for payment of attorneys [*sic*] fees "through the plan" as set forth above are improper and

28

> reckless actions of the attorney for the debtors for which sanctions
> should be entered.

*Id.* (quoting Ex. 4, Trustee's Response to Motion for Reconsideration, ¶ 9). The appellant was ultimately sanctioned during the hearing of the matter for "the delay in the resolution of the case due to the [a]ppellant's conduct." *Id*. The district court found that, "[w]hile the [a]ppellant had notice she would have to defend her conduct specifically mentioned in the [a]ppellee's request for sanctions, she did not have notice she would have to defend her conduct from the beginning of the case[.]" *Id*. at 701. Thus, the appellant did not have the requisite notice under the due process clause and the case was remanded for further proceedings. *Id*. at 702.

*In re Glasco* is not applicable to the facts of this case. First, unlike the appellee's request for sanctions in *In re Glasco*, OPW's February 10, 2023 safe harbor letter to Canales stated the specific allegations, with paragraph citations to the First Amended Complaint, that OPW requested Canales to withdraw or correct. JA 86-87. Second, there are no similar due process concerns here because counsel for Canales has clearly been given "an adequate and meaningful opportunity to prepare and provide the Court with an explanation of her conduct." *In re Glasco*, 321 B.R. at 699 (citing *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994)). Whereas the appellant in *In re Glasco* was caught off-guard at the hearing and the bankruptcy court orally imposed sanctions, here, counsel for Canales was given an opportunity by responsive brief to explain her conduct before sanctions were

imposed. JA125. Lastly, the bankruptcy standards do not apply here and even the *Glasco* court "recognize[d] that in some cases, the mere existence of Rule 11 may operate to give notice, especially to attorneys, sufficient to justify Rule 11 sanctions." *Id.* at 700 (citing *Green v. Foley*, 907 F.2d 1137 (table), 1990 WL 86210, *4 (4th Cir. 1990)). Canales's counsel cannot genuinely assert that she was not provided proper notice to invoke due process concerns because she was surely aware of Rule 11's requirements. Indeed, according to Canales's Second Amended Complaint, "[Canales] has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation." JA290 ¶ 114.

Canales also relies heavily on *Howell v. Nesbit* to support his argument that he did not receive notice of his counsel's improper conduct. 149 F.3d 1168 (4th Cir. 1998). *Howell*, however, only stands for the holding that a court cannot grant a Rule 11 motion for sanctions if the "safe harbor" period of twenty-one days has not yet passed. *Id*. In *Howell*, the offending party was served with the Rule 11 motion only the day before the court dismissed the case pursuant to the movant's motion. The appellate court held that the district court should have denied the Rule 11 motion because the offending party had not had the benefit of the safe harbor period, which it held was an "absolute requirement." *Id*. Furthermore, the district court had failed to specifically find that the offending party had acted in bad faith. Thus, the orders

granting the Rule 11 motion and denying the offending party's motion for reconsideration were vacated and the case was remanded for further proceedings.

The facts of this case are not akin to the facts of *Howell*. Whereas the court in *Howell* held that the safe harbor provision was an "absolute requirement," here, Canales argues that "[Canales] did not receive proper notice of the conduct for which [she] was ultimately sanctioned." Doc. 13 at 39. Canales contends that this is because OPW's letter and Motion did not "solely" request that Canales remove the allegations related to Solis's death. *Id*. In other words, Canales does not contend that he did not have the benefit of the safe harbor period like the offending party in *Howell*. In fact, Canales could have amended his complaint at any time between February 10, 2023 and January 10, 2024, when Magistrate Judge Numbers issued his Memorandum and Order granting OPW's Motion for Sanctions. JA358, JA403.

Canales is grasping at straws, and it is telling that Canales has failed to cite any case law or authority in support of his position that notice of specific conduct that allegedly violates Rule 11 must be tailored solely to the conduct that a Court finds sanctionable. That the Court did not strike any of Canales's claims despite OPW's request is irrelevant. Canales's assertion that he did not receive proper notice pursuant to Rule 11 has no merit and should be dismissed.

**IV.    The District Court Properly Denied Canales's Motion for Reconsideration on the Basis of Purportedly Newly Discovered Evidence.**

Canales argues the district court should have reconsidered its order based on the "newly" discovered medical records and information provided by Ms. Solis as an alleged "opt-in plaintiff."[2] Doc. 13 at 45. To prevail on a motion for reconsideration based on newly discovered evidence the movant must demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case was retried or is such that would require the judgment to be amended.

*Boryan v. U.S.*, 884 F.2d 767, 771 (4th Cir. 1989).

Canales seems to suggest that the newly obtained medical records would have altered the Court's January 10, 2024 Order because the following allegations, which the Court struck from the Amended Complaint, "demonstrated that [Canales's] counsel performed an appropriate inquiry into whether the medical records provided by [OPW] contradicted the allegations relating to Solis's injuries." Doc. 13 at 43:

- That Solis suffered a fracture in his spine and neck from the accident;

- That Solis spent several months in critical condition from the accident; and

- That Solis's accident led to his death.

JA419.

---

[2] As of the date of this filing, the district court has not granted certification or conditional certification for Canales's putative collective and class action, and Ms. Solis is not a named plaintiff in the amended Second Amended Complaint. *See* JA 290.

Canales erroneously argues that his counsel's failure to conduct a reasonable investigation into the disputed factual allegations was justified by pointing to the "new" medical records that supposedly support her failure to investigate. *See* Doc. 13 at 43-44. However, Canales fails to establish all five factors required to prevail on a motion for reconsideration. Instead, Canales conflates his erroneous characterization of Rule 11 and asserts that the district court was required to find there was "no chance of success for an allegation or claim to be proven true, for Rule 11 sanctions to be warranted." Doc. 13 at 44. Again, this argument misses the mark because the Rule 11 sanctions against Canales's counsel were awarded due to her failure to conduct a reasonable investigation into the disputed factual allegations prior to asserting them.

### 1. Canales's Evidence is Not "New" and Counsel Could Have Discovered the Evidence Had She Made a Reasonable Inquiry into the Disputed Factual Allegations.

The district court properly denied Canales's Motion for Reconsideration because Canales cannot establish the first two elements. That is, the evidence discovered was not new: the information is only "newly discovered" because of Canales's counsel's initial failure to conduct a reasonable investigation into the factual allegations brought against OPW. Thus, Canales's counsel's initial inquiry lacked the required due diligence.

"[I]n order to support a motion for reconsideration, 'the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with ***reasonable diligence*** have discovered and produced such evidence [previously].'" *Boryan*, 884 F.2d at 771 (quoting *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)) (second emphasis added); *I.P. by Newsome v. Pierce*, No. 5:19-CV-228-M, 2020 WL 3405209, at *2 (E.D.N.C. June 19, 2020). ███████████████

███████████████████████████

███████████ *Boryan*, 884 F.2d at 767 (holding counsel's failure to recognize that form could be used as refund claim did not make evidence "newly discovered"); *Clayton v. Ameriquest Mortg. Co.*, 388 F. Supp. 2d 601, 609 (M.D.N.C. 2005) (finding allegedly new information "was available to the Plaintiffs, and certainly could have been uncovered with the exercise of reasonable diligence on their part"); *In re Bausch & Lomb Inc. Contacts Lens Sol. Prod. Liab. Litig.*, No. CA2:06-MN-77777DCN, 2010 WL 1854651, at *2 (D.S.C. May 7, 2010), *aff'd sub nom. Fernandez-Pineiro v. Bausch & Lomb, Inc.*, 429 F. App'x 249 (4th Cir. 2011) (holding that "[a]ny perceived injustice plaintiff has suffered resulted from her own doing" when failing to disclose medical report prior to court granting defendant's motion for summary judgment); *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992) (failing to consider new evidence when "no justified reason [had

34

been] shown why the additional material now presented was not presented [earlier]").

Here, even if Solis's medical records obtained after the district court's order could constitute "new" information, this would strengthen the argument that, *at the time of filing* his First Amended Complaint, Canales's counsel relied on factual allegations that lacked *any* evidentiary support. Likewise, Canales's counsel failed to make a reasonable investigation after OPW sent its *second* safe harbor letter. Canales's counsel conceded in Canales's Amended Memorandum of Law in Support of his Motion for Reconsideration that her call with Ms. Solis in March of 2023 "was limited to determining whether she had any knowledge that her husband's medical documents were being utilized in an unrelated matter and whether she had granted consent to the same." JA463 at n.2. Thus, her communications with Ms. Solis *were not to investigate whether the claims she pleaded were true or whether the medical records provided were false*, but to support a frivolous motion against counsel for OPW regarding how it obtained the medical records. Canales's counsel, therefore, had a full opportunity to discover and further investigate whether the claims in the First Amended Complaint that were contradicted by the medical records were otherwise supportable, but she failed to do so. Thus, it is entirely irrelevant that Canales's counsel obtained new medical documentation. The reasoning for the district court's sanctions still stands: Canales's counsel failed to conduct a

reasonable investigation to uncover the documents, or even inquire as to their existence in early 2023. *See Barber v. Montgomery Cnty. Gov't*, No. 8:17CV1948, 2018 WL 2129681, at *6 (D. Md. May 9, 2018) ("[T]his Court reprimands the plaintiff for failing to withdraw her false allegations after the defendants brought their falsity to her attention.").

### 2. *The Evidence is Immaterial and Does not Produce a New Outcome.*

The district court correctly denied Canales's Motion for Reconsideration because Canales cannot establish the requisite fourth and fifth elements: that the new information is material and would have provided a new outcome if previously present. Despite Canales's contention to the contrary, the complete set of medical documents within Canales's possession, along with the statements from Ms. Solis, do not support the disputed factual allegations in his Complaint or Amended Complaint.

First, Mr. Solis did not suffer a fracture to his spine or neck. ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Canales thus has absolutely no evidence to support this allegation, with or without the newly obtained medical records. As such, the Court's Order granting sanctions for this factually inaccurate allegation was justified.

Second, the medical documents do not support the allegations that Solis spent several months in critical condition *from the accident* or that Solis's accident led to

his death. The medical documents unequivocally state that ███████████

███████████████████████████████████████████████

████████████████████ JA447, JA455 ("████████████████

████████████████████████████████") (emphasis

added); JA444 ("████████████████████████████████

███████████████████████████"). Nowhere

in the medical documents does it say Solis "spent several months in critical condition

from the accident" or that Solis's workplace accident contributed to his death. In

fact, albeit Canales's counsel's contention that these documents are the complete list

of Solis's medical records, the last document provided is dated March 21, 2022, even

though Solis passed away in May 2022. JA449. Despite Canales's arguments

otherwise, the documents confirm that Solis did not spend several months in "critical

condition." Rather, ████████████████████ As such, the documents are

not only immaterial to the district court's order granting sanctions but, had Canales's

counsel obtained them previously, the outcome would remain the same.

     The Court sanctioned Canales's counsel for her failure to investigate. She

should not now be allowed to conduct her investigation over a year later and

successfully argue the district court's order was erroneously granted based on new

evidence that she could have easily discovered from the onset.

Moreover, Canales's assertion that these medical records are "material since it showcased that [Canales's] allegations had a chance of success prior to the Court's Order imposing sanctions" is mistaken. Because the district court held that sanctions against Canales's counsel were warranted due to her failure to conduct a reasonable investigation, whether these medical records might have "had a chance of success" is irrelevant.

Lastly, the district court's consideration of the record showing that Canales's counsel spent one day purportedly conducting a reasonable inquiry was not an abuse of discretion, as it was just one of many facts the court considered in determining that Canales's counsel had violated Rule 11(b). *See In re Kunstler*, 914 F.2d at 516 (finding that the sanctioned parties' affidavits asserting "the number of hours allegedly spent by counsel in prefiling investigation [did] not dissuade [the court] from affirming the district court's findings of Rule 11 violations.").

Canales has failed to show that the district court's January 10, 2024 order was an abuse of discretion. Therefore, the district court's order should be affirmed.

**V.     Conclusion**

For the foregoing reasons, the district court's order should be affirmed, and Plaintiff-Appellant Ovis Matamoros Canales's appeal should be dismissed.

Dated this 18th day of September, 2024.    Respectfully submitted,


By:    */s/ David I. Klass*
David I. Klass (NC Bar No. 53342)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: 704.334.4565
Facsimile: 704.334.9774
E-mail: dklass@fisherphillips.com
*Counsel for Defendant-Appellee OPW*
*Fueling Components LLC*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

OPW does not request oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Dated this 18th day of September, 2024.        Respectfully submitted,


By:    */s/ David I. Klass*_____
        David I. Klass (NC Bar No. 53342)
        **FISHER & PHILLIPS LLP**
        *Counsel for Defendant-Appellee OPW*
        *Fueling Components LLC*

40

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), this brief contains 9,019 words.

This brief complies with the typeface and type style requirements because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman size 14 font.

Dated this 18th day of September 2024.

By:    */s/ David I. Klass*
David I. Klass (NC Bar No. 53342)
**FISHER & PHILLIPS LLP**
*Counsel for Defendant-Appellee OPW*
*Fueling Components LLC*

## CERTIFICATE OF SERVICE

I certify that on September 18, 2024, the redacted version of Defendant-Appellee OPW Fueling Components, LLC's Opening Brief was electronically filed with the Court using the CM/ECF system, which will send electronic notice, via email to Plaintiff's counsel as listed below. I also certify that on September 18, 2024, the sealed version of Defendant-Appellee OPW Fueling Components, LLC's Opening Brief was served on Plaintiff's counsel via [ **x** ] mail (FedEx) and [ **x** ] email as shown below:

Gilda A. Hernandez
Hannah B. Simmons
Matthew S. Marlowe
Law Offices of Gilda A. Hernandez, PLLC
1020 Southhill Drive, Suite 130
Cary, NC 27513
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiff-Appellant Ovis Matamoros Canales*

Dated this 18th day of September 2024.

By:    */s/ David I. Klass*
David I. Klass (NC Bar No. 53342)
**FISHER & PHILLIPS LLP**
*Counsel for Defendant-Appellee OPW Fueling Components LLC*