NO. 24-1579

# United States Court of Appeals

*for the*

# Fourth Circuit

———◆———

OVIS MATAMOROS CANALES,
on behalf of himself and all others similarly situated,

*Plaintiff-Appellant,*

— v. —

OPW FUELING COMPONENTS LLC,

*Defendant-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

## REPLY BRIEF OF PLAINTIFF-APPELLANT

GILDA ADRIANA HERNANDEZ
HANNAH B. SIMMONS
MATTHEW S. MARLOWE
LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
1020 Southhill Drive, Suite 130
Cary, North Carolina 27513
(919) 741-8693

*Attorneys for Plaintiff-Appellant*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ....................................................................................1

JURISDICTION OF THE FOURTH CIRCUIT COURT OF APPEALS ...............3

    I.    THE FOURTH CIRCUIT MAINTAINS JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B).....................................................................................3

        A.    The District Court's Orders Granting Defendant-Appellee's Motion for Sanctions and Denying Plaintiff-Appellant's Motion for Reconsideration Became Final Once the District Court Ruled Upon Plaintiff-Appellant's Motion for Reconsideration, Pursuant to Rule 54(b).................3

        B.    The Court's Language Indicates the District Court's Orders Were Entered with No Just Reason for Delay. ..............4

            1.    Contrary to Defendant-Appellee's Assertions, Express Certification of Rule 54(b) Order is Not Required So Long As It Can Be Ascertained from the Record that the Order Was Entered With "No Just Reason for Delay." ....................................4

            2.    The Fourth Circuit Has Reviewed Motions for Reconsideration of Motion for Sanctions Orders Pursuant to Rule 54(b)....................................................7

        C.    Plaintiff-Appellant Does Not Seek an Appeal Pursuant to the Collateral Order Doctrine....................................................7

ARGUMENT ....................................................................................7

    I.    PLAINTIFF-APPELLANT'S COUNSEL MADE A REASONABLE INQUIRY GIVEN THE *LIMITED* MEDICAL RECORDS PROVIDED BY DEFENDANT-APPELLEE DID NOT DIRECTLY CONTRADICT PLAINTIFF-APPELLANT'S FACTUAL ALLEGATIONS. ...................................8

i

1.    Given the Medical Records Provided by Defendant-Appellee Did Not Disprove Plaintiff-Appellant's Allegations, Plaintiff-Appellant Performed A "Reasonable" Investigation Under the Circumstances................................................................11

2.    Defendant-Appellee Misconstrues Plaintiff-Appellant's Arguments Because the Sliver of Medical Records Provided by Defendant-Appellee's Counsel Did *Not* Contradict Plaintiff-Appellant's Allegations; Thus, Plaintiff-Appellant's Counsel Did Not Violate Rule 11..............14

B.    Additional Medical Records Obtained by Plaintiff-Appellant's Counsel After the Court's Order Granting Defendant-Appellee's Motion for Sanctions Further Showcase Plaintiff-Appellant's Allegations Were *Not* Disproven at the Time of Filing................................................15

C.    Plaintiff-Appellant's Counsel Did Not Receive Proper Notice Prior to the Court Granting Defendant-Appellee's Motion for Sanctions, Where the Defects Alleged by Defendant-Appellee Differed from the Findings for Which the District Court Sanctioned Plaintiff-Appellant's Counsel........................................................................19

D.    The District Court Improperly Denied Plaintiff-Appellant's Motion for Reconsideration Based on Newly Discovered Evidence. .............................................22

1.    Medical Records from Estrella Solis Were New *and* Could Not Have Been Discovered Sooner Due to Ethical Rules.................................................23

2.    The Medical Records and Additional Evidence Further Demonstrates the Singular Set of Medical Records Provided by Defendant-Appellee Were Cherry-Picked and Not Representative of the Entirety of Solis's Entire Medical History. ....................25

CONCLUSION .......................................................................28

# TABLE OF AUTHORITIES

## Cases

*Andrews & Lawrence Prof. Servs., LLC*,
  Ca. No. 22-1592, 22-1658, 2023 WL 4399233 (4th Cir. July 7, 2023) ...........4, 7

*Baker v. Booz Allen Hamilton, Inc.*,
  358 F. App'x 476 (4th Cir. 2009) .......................................................................16

*Brubaker v. City of Richmond*,
  943 F.2d 1363 (4th Cir. 1991). .........................................................................12

*Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*,
  498 U.S. 533 (1991) ........................................................................ 11, 12, 25

*Carter v. City of Philadelphia*,
  181 F.3d 339 (3d. Cir. 1999)..........................................................................5, 6

*Christopher Billesdon v. Wells Fargo Securities, LLC*,
  No. 3:23-CV-160...............................................................................................20

*Cirillo v. Citrix Systs., Inc.*,
  Ca. No. 5:21-CV-88-BO (E.D.N.C.) .................................................................22

*Elliott v. Archdiocese of New York*,
  682 F.3d 213 (3d Cir. 2012).......................................................................... 3-4

*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) ..........................................................................................22

*Howell v. Nesbit*,
  149 F.3d 1168 (4th Cir. 1998) ..........................................................................21

*Hunter v. Earthgrains Co. Bakery*,
  281 F.3d 144 (4th Cir. 2002)............................................................................12

*In re Glasco*,
  321 B.R. 695 (W.D.N.C. 2005) ................................................................ 19, 20

*In re Kunstler*,
  914 F.2d 505 (4th Cir. 1990)..................................................................... passim

*IO Moonwalkers, Inc. v. Banc of Am. Merch. Servs., LLC,*
  258 N.C. App. 618 (2018)........................................................................6

*Lokhova v. Halper,*
  30 F.4th 349 (4th Cir. 2022) ................................................. 11, 14, 15

*Myers v. Hertz Corp.,*
  624 F.3d 537 (2d Cir. 2010).................................................................22

*Symczyk v. Genesis Healthcare Corp.,*
  656 F.3d 189 (3d Cir. 2012).................................................................22

*TMM Data, LLC v. Braganza,*
  No. 5:14-CV-729-FL, 2016 WL 1228595 (E.D.N.C. Mar. 28, 2016)................10

*Zavala v. Wal-Mart Stores Inc.,*
  691 F.3d 527 (3d Cir. 2012).................................................................22

## Statutes

28 U.S.C. § 1291 ....................................................................................3, 5

## Rules

Fed. R. Civ. P. 8 ......................................................................................1

Fed. R. Civ. P. 11 ........................................................................... passim

Fed. R. Civ. P. 23 ..................................................................................22

Fed. R. Civ. P. 54 ........................................................................... passim

N.C. R. App. P. 54 ..................................................................................6

N.C. Rule Prof. Cond. 4.2 ............................................................ 9, 13, 24

## **INTRODUCTION**

Plaintiff-Appellant Matamoros Canales ("Canales" or "Plaintiff-Appellant") maintains the district court improperly granted Defendant-Appellee OPW Fueling Components, LLC's ("OPW" or "Defendant-Appellee") Motion for Sanctions and denied Plaintiff-Appellant's subsequent Motion for Reconsideration of the same.

More specifically, the district court disregarded Plaintiff-Appellant's evidence and arguments demonstrating that a "reasonable" inquiry could *not* have been conducted within the twenty-one (21) day as required by Fed. R. Civ. P. 11, relating to Third-Party Solis's work accident *without* (1) engaging Solis's medical doctors; (2) issuing a subpoena to such doctors; (3) obtaining authorization from Solis's family for the disclosure of complete medical information to confirm the veracity and extent of Defendant-Appellee's production of limited information; and (4) conducting depositions.

Pursuant to Fed. R. Civ. P. 8, a Plaintiff is *not* required to engage in this type of inquiry for factual allegations that are *not* relied upon to support individual claims. Indeed, given that Plaintiff-Appellant was *not* relying on Third-Party Solis's accident or medical diagnosis to support his individual claims, (but only to provide context for the series of events that led up to Plaintiff-Appellant's cooperation with Defendant-Appellee's investigation into Solis's accident), thereby resulting in the retaliatory conduct and wrongful termination against Plaintiff-Appellant, such a

1

finding that Plaintiff-Appellant's Counsel did *not* conduct a "reasonable" inquiry was an abuse of discretion. In other words, the district court improperly sanctioned Plaintiff-Appellant's Counsel by placing an undue burden and unreasonably increasing a standard that simply does not exist pursuant to the Federal Rules of Civil Procedure. Instead, the district court should have denied Defendant's Motion for Sanctions and allowed the Parties to proceed with discovery because neither Solis's family nor their attorney could have provided any reasonable interpretation of Solis's medical documents and/or whether such findings did or did not support the factual allegations in Plaintiff-Appellant's First Amended Complaint.

Tangentially related, (1) the production of medical records provided by Defendant-Appellee's Counsel alongside its Rule 11 letter threatening sanctions did *not* wholly contradict Plaintiff-Appellant's allegations; (2) the district court improperly subjected Plaintiff-Appellant's Counsel to sanctions despite Defendant-Appellee's failure to provide adequate notice given that the district court's basis for granting sanctions was inconsistent with Defendant-Appellee's Rule 11 letter, requiring removal of numerous factual allegations (beyond the *three* established by the district court) *and* voluntary dismissal of Plaintiff-Appellant's individual claims to cure deficiencies; (3) the district court improperly denied Plaintiff-Appellant's Motion for Reconsideration despite Plaintiff-Appellant's Counsel not given adequate notice; and (4) the district court's Order granting Defendant-Appellee's

Motion for Sanctions should be reconsidered in light of newly discovered evidence, further demonstrating the singular set of medical documents provided by Defendant-Appellee's Counsel alongside its safe harbor letters did not encompass Solis's entire medical history relating to his incident at OPW.

## JURISDICTION OF THE FOURTH CIRCUIT COURT OF APPEALS

### I.    THE FOURTH CIRCUIT MAINTAINS JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B).

In its Responsive Brief, Defendant-Appellee attempts to distinguish  the applicability of Rule 54(b) of the Federal Rules of Civil Procedure to the instant matter. Resp. Br. at 1. However, as explained below, the district court's order denying Plaintiff-Appellant's Motion for Reconsideration (J.A. 325-330) is a final order that was entered pursuant to Rule 54(b), with no just reason for delay, rendering the district court's order granting Defendant-Appellee's Motion for Sanctions final. J.A. 412-419.

### A.    The District Court's Orders Granting Defendant-Appellee's Motion for Sanctions and Denying Plaintiff-Appellant's Motion for Reconsideration Became Final Once the District Court Ruled Upon Plaintiff-Appellant's Motion for Reconsideration Pursuant to Rule 54(b).

Defendant-Appellee concedes that "[u]nder Rule 54(b), [. . .], a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." Resp. Br. at 1 (citing *Elliott v. Archdiocese of New York,* 682 F.3d

3

213, 219 (3d Cir. 2012)). Defendant-Appellee claims, *incorrectly*, that there has been no final order in this matter (Resp. Br. at 1), failing to contend with the procedural posture of the instant case, whereby the district court ruled upon Plaintiff-Appellant's Motion for Reconsideration, making the district court's previous Order granting Defendant-Appellee's Motion for Sanctions a *final* order. O.B. at 1-3.

Moreover, Courts within the Fourth Circuit have ruled in line with such reasoning, finding that motions for sanctions which were later the subject of a motion for reconsideration were final orders subject to appeal. *See e.g., Andrews & Lawrence Prof. Servs., LLC*, Ca. No. 22-1592, 22-1658, 2023 WL 4399233 (4th Cir. July 7, 2023) (reviewing a motion for sanctions order pursuant to Rule 54(b)).

### B. The Court's Language Indicates the District Court's Orders Were Entered with No Just Reason for Delay.

1. <u>Contrary to Defendant-Appellee's Assertions, Express Certification of Rule 54(b) Order is Not Required As Long as it can be Ascertained from the Record that the Order Was Entered With "No Just Reason for Delay."</u>

Defendant-Appellee relies on a case from the *Third* Circuit, *Elliott v. Archdiocese of New York,* 682 F.3d 213 (3d. Cir. 2012), in making its assertion that specific magic words are required for an Order to be appealable pursuant to Rule 54(b). Specifically, Defendant-Appellee claims that *this* Court has held that Orders specifically lacking explicit findings, (which are required for an appeal pursuant to Rule 54(b)), must be ignored in their entirety.

4

Moreover, Defendant-Appellee's efforts to distinguish from *Carter v. City of Philadelphia,* 181 F.3d 339 (3d. Cir. 1999) miss the mark. Resp. Br. at 3. Specifically, the *Carter* case dealt with whether an order could be appealed pursuant to Rule 54(b) where the district court failed to expressly find that there was "no just reason for delay." *See id.* at 346-47. Defendant-Appellee misrepresents the relevant issue in *Carter*, which was whether the order was properly certified pursuant to Rule 54(b), where the district court failed to include explicit language such as that the order was entered with no just reason for delay. *See id.* The question for the Third Circuit court was whether "despite the [d]istrict [c]ourt's inadvertence," the requirement that there was no just reason for delay was met. *See id.* at 346.

The Third Circuit in *Carter* court  held that:

> It follows that the absence of an explanation by the district court does not pose a jurisdictional bar when the propriety of the appeal may be discerned from the record. Therefore, to the extent Allis–Chalmers or a subsequent case may be read to have suggested (in dicta) that our mandatory statement-of-reasons requirement in Rule 54(b) certifications stands as a jurisdictional bar prohibiting appellate review even where the propriety of the certification is apparent from the record, we now clarify that the better reading of Allis–Chalmers is that <u>although it is always the best practice for district courts to explain a decision to certify a judgment for appeal and we require them to do so, their failure to meet this directive need not result in dismissal or remand where judicial economy—which is the purpose of the finality requirement of § 1291, as implemented in Rule 54(b)</u>—would not be served. Accordingly, we will proceed to reach the merits on appeal when a sufficient basis for a district court's certification is otherwise apparent.

*See id.* at 345-46. Ultimately, the Third Circuit in *Carter* found that the requirements of Rule 54(b) were "clearly met," despite the district court's "inadvertence," finding that the "propriety of the Rule 54(b) certification [was ascertainable] from the record [and that t]o hold otherwise would undermine the policies which Rule 54(b) seeks to advance." *Id.* at 347. As such, similar to the *Carter* matter, despite the district court, here, *not* including explicit language indicating its Order denying Plaintiff-Appellant's Motion for Reconsideration was entered with no just reason for delay, the same is ascertainable from the record given the district court just *one* day later entered the briefing schedule for Defendant-Appellee's Motion for Attorneys' Fees and Costs. J.A. 331-335.

Similarly, Defendant-Appellee disregards the applicability of the *IO Moonwalkers, Inc. v. Banc of Am. Merch. Servs., LLC*, 258 N.C. App. 618 (2018) case. Although *IO Moonwalkers Inc.* is a North Carolina Appellate Court case, it dealt with Rule 54(b) of the North Carolina Rules of Civil Procedure, which includes nearly **identical** language to Rule 54(b) of the Federal Rules of Civil Procedure. *See id.*; *see also compare* N.C. R. App. 54(b) *with* Fed. R. Civ. P. 54(b). Because the Fourth Circuit has not specifically addressed whether such specific language is required for Rule 54(b) certification, such authority may provide guidance. *See id.*

2. <u>The Fourth Circuit Has Reviewed Motions for Reconsideration of Motion for Sanctions Orders Pursuant to Rule 54(b).</u>

Similarly, Defendant-Appellee disregards the applicability of the *Andrews & Lawrence Pro. Servs., LLC v. Bertinelli,* 2023 WL 4399233. Rather, the *Andrews* case demonstrates plainly that the Fourth Circuit has reviewed motions for reconsideration of motions for sanctions orders pursuant to Rule 54(b). *See id.* More specifically, in *Andrews,* the plaintiff had filed interlocutory appeals and motions for reconsideration of *both* a motion for sanctions and a motion for judgment on the pleadings. *See id.* at *2. The Fourth Circuit recognized that the district court's denial of the motion for reconsideration of the motion for sanctions order was a "final judgment," and that such fell within the purview of Rule 54(b). *See id*. (finding that "[u]nder Rule 54(b), we may review an otherwise interlocutory order if the district court directs "entry of a final judgment as to one or more, but fewer than all, claims or parties" and, as here, "expressly determines that there is no just reason for delay.") (citing Fed. R. Civ. P. 54(b)). As such, Defendant-Appellee's illustration of *Andrews* must be ignored.

**C.    Plaintiff-Appellant Does Not Seek an Appeal Pursuant to the Collateral Order Doctrine.**

Instead of addressing the same, Defendant-Appellee repeatedly mischaracterizes Plaintiff-Appellant's appeal as seeking to appeal pursuant to the Collateral Order Doctrine. Resp. Br. at 4-6.

## ARGUMENT

**I.   PLAINTIFF-APPELLANT'S COUNSEL MADE A REASONABLE INQUIRY GIVEN THE *LIMITED* MEDICAL RECORDS PROVIDED BY DEFENDANT-APPELLEE AND DID NOT DIRECTLY CONTRADICT PLAINTIFF-APPELLANT'S FACTUAL ALLEGATIONS.**

In his Opening Brief ("O.B."), Plaintiff-Appellant provided a structured legal argument explaining, in detail, why the specific allegations stricken by the district court were *not* disproven by the small set of medical records Defendant-Appellee attached to its Rule 11 letter, and why such inquiry is crucial to determining whether Plaintiff-Appellant's Counsel violated Rule 11. O.B. at 22-34. In addressing Plaintiff-Appellant's arguments, Defendant-Appellee feigns ignorance regarding the circumstances and actual language within the one (1) day of medical records that Defendant-Appellee provided to Plaintiff-Appellant's Counsel alongside its Rule 11 letters. *See* Resp. Br. at 8. Defendant-Appellee goes on to allege that a "minimal factual inquiry would have easily exposed the inaccuracy"[1] of Plaintiffs' allegations,

---

[1] Plaintiff-Appellant vehemently disputes that a "minimal factual inquiry would have easily exposed the inaccuracy." *See id.* Indeed, Plaintiff Appellant's Counsel conducted the best "reasonable" inquiry given the circumstances. Plaintiff-Appellant's Counsel relied on information provided by her client. In other words, despite suggestions that Plaintiff-Appellant could have contacted Third-Party Solis's surviving spouse or her counsel, such communications could have resulted in violations of the Ethical Rules of Professional Responsibility. Specifically, because Solis's spouse was represented by counsel *and* actively involved in a separate litigation against Defendant-Appellee pursuant to a workers' compensation claim on behalf of deceased Third-Party Solis, Plaintiff-Appellant's Counsel was not willing

ignoring that such medical records did not contradict or disprove Plaintiffs' allegations. Resp. Br. at 20.

Rather than contending with the reality that the medical records provided by Defendant-Appellee did *not* disprove or contradict Plaintiff-Appellant's allegations relating to Solis's accident, Defendant-Appellee continues misconstruing the applicable legal standard of Rule 11. Resp. Br. 18-19. Succinctly, to violate Rule 11 an attorney or party must have brought "allegations unsupported by *any* information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove [. . .]." *In re Kunstler,* 914 F.2d 505, 514 (4th Cir. 1990). Here, Plaintiff-Appellant's allegations relating to Solis's injuries and death were not unsupported by *any* evidence, as such allegations were based on Plaintiff-Appellant's *firsthand* knowledge and *his* communications with Solis's wife. O.B. at

_____

to potentially violate Professional Rules of Responsibility, (i.e., speaking to someone represented by counsel ***about an active litigation*** or interfering with an attorney/client relationship *versus* requesting confirmation from Solis's wife that Defendant-Appellee did ***not*** obtain consent to use Solis's medical documents in the instant matter). J.A. 92-94, 159-160, 420-457; *see also* N.C. R. Prof. Cond. 4.2. Indeed, any other efforts to "reasonably" investigate would have exceeded any 21-day period pursuant to Fed. R. Civ. P. 11, since Plaintiff-Appellant's Counsel would have been required to issue subpoenas to Solis's treating physicians and disclosure of medical documents, (impossible to obtain without Solis's surviving spouse's authorization) who was *not* Plaintiff-Appellant's Counsel's client. Simply put, no such "reasonable" inquiry existed given these complex circumstances. Finally, it was *not* until almost one (1) year later when Solis's surviving spouse became Plaintiff-Appellant Counsel's client that Solis's medical records spanning the course of several months and *not* one (1) day were obtained.

29-34. Instead, Defendant-Appellee argues that allegations relating to Solis were "flatly contradicted"[2] by the singular day of medical records Defendant-Appellee provided to Plaintiff-Appellant alongside its Rule 11 letters. Reps. Br. at 19. In determining whether evidence "disproves" allegations, courts look to whether the allegations are "reasonably open to debate" at the time of their filing. *TMM Data, LLC v. Braganza*, No. 5:14-CV-729-FL, 2016 WL 1228595, at *5 (E.D.N.C. Mar. 28, 2016) (finding that the plaintiff's allegations were open to debate at the time of filing, thereby "precluding a determination that [the] plaintiff's position [was. . .] frivolous" and denying defendant's motion for sanctions).

Specifically, Defendant-Appellee claims repeatedly that the fact that the medical records, which encompassed *only* the emergency room medical records *immediately* following the accident of Plaintiff-Appellant's coworker, indicated that Solis *could not have* suffered a fracture following his incident at OPW. Resp. Br. at 19. However, the *same* medical records provide explicitly that the doctor would need

---

[2]To be clear, without testing the veracity of Defendant-Appellee's unauthorized *and* cherry-picked production of Solis confidential medical documents, including but not limited to, determining how such documents were obtained, obtaining authorization by Solis's spouse to seek subpoenas from treating physicians and/or obtaining <u>complete</u> medical documents, Defendant-Appellee cannot claim that such limited medical records "flatly contradicted" Plaintiff-Appellant's factual allegations regarding his understanding of Solis's work-related accident and medical treatment thereafter. Indeed, Plaintiff-Appellant's factual allegations were open to debate at the time of the filing of Plaintiff-Appellant's Second Amended Complaint ("SAC"). *See TMM Data*, 2016 WL 1228595, at 5.

to _later_ "███████████████████████████████ its findings. J.A.
377.

Moreover, because such medical records were only of the one (1) emergency room visit immediately following Solis's accident, Plaintiff-Appellant's allegations that Solis spent several months in critical condition from the action, or that such incident ultimately led to Solis's death, were similarly not 'flatly contradicted' by such medical records because the limited medical records produced by Defendant-Appellee did _not_ provide a _full_ picture of Solis's medical treatment throughout the next several months and prior to his ultimate passing several months after his work-accident at OPW. J.A. 373-380. Similarly, allegations or claims must have "*absolutely no chance of success*" to warrant sanctions. _See Lokhova v. Halper,_ 30 F.4th 349, 354 (4th Cir. 2022) (citations omitted). As such, Defendant-Appellee's argument that the medical records provided by Defendant-Appellee "disproved" Plaintiff-Appellant's allegations relating to Solis must be completely ignored given that they were _not_ complete records. Resp. Br. at 20.

      1.    <u>Given the Medical Records Provided by Defendant-Appellee Did Not Disprove Plaintiff-Appellant's Allegations, Plaintiff-Appellant Performed A "Reasonable" Investigation Under the Circumstances.</u>

In assessing what conduct violates Rule 11, an objective standard is used. _Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.,_ 498 U.S. 533, 535 (1991). As such, conduct does not violate Rule 11 where such conduct is _objectively_

11

reasonable under the circumstances. *See id.* at 551. For a pre-filing investigation to appear objectively reasonable, the investigation "must uncover some information to support the allegations in the complaint." *See Brubaker v. City of Richmond,* 943 F.2d 1363, 1373 (4th Cir. 1991). Where a complaint contains allegations that are unsupported by *any* information prior to filing, a violation of Rule 11 has occurred. *Id.* (citing *In re Kunstler,* 914 F.2d at 516). An attorney may *only* be sanctioned where, in applying a standard of objective reasonable, it is clear that a reasonable attorney in like circumstances, could not have believed his actions to be legally justified. *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144 (4th Cir. 2002). "For the purposes of Rule 11**, the factual inquiry necessary to file a complaint** is generally satisfied if all of the information which can be obtained ***prior to suit*** supports the allegations made, even though *further* facts must be obtained through discovery to finally prove the claim." *In re Kunstler,* 914 F.2d at 516.

Without diving deeper into the meaning of what an "appropriate prefiling investigation" is, Defendant-Appellee ignores that based on the information available to Plaintiff-Appellant at the time he filed his SAC, the information did *not* disprove Plaintiff's allegations relating to Solis, as explained further above. Resp. Br. at 20. Moreover, neither the district court nor Defendant-Appellee, however, has explained to date what such "prefiling investigation" could have included, given the fact that Plaintiff-Appellant's Counsel learned prior to filing his FAC that Solis's

wife, Estrella Solis, was represented by counsel for Solis's workplace injury, thereby precluding Plaintiff-Appellant's Counsel from discussing the same with Estrella Solis. N.C Rule Prof. Cond. 4.2 ("***In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order***."). Additionally, unlike Defendant-Appellee's Counsel, who had access to a plethora of Solis's medical records due to Solis's worker's compensation against OPW, (albeit without Solis's wife's consent to use in the instant matter) neither Plaintiff-Appellant nor Plaintiff-Appellant's Counsel had the ability to obtain such records. O.B. at 33. As such, given Plaintiff-Appellant's Counsel could not reach out to Estrella Solis without violating ethical rules, and given Plaintiff-Appellant's Counsel only had access to the singular set of medical records provided by Defendant-Appellee's Counsel alongside its Rule 11, letters, Plaintiff-Appellant's Counsel performed a reasonable inquiry in light of the circumstances, especially given the medical records provided by Defendant-Appellee's Counsel were incomplete *and* did not unequivocally disprove Plaintiff-Appellant's allegations. O.B. at 23-33.

2.      <u>Defendant-Appellee Misconstrues Plaintiff-Appellant's Arguments Because the Sliver of Medical Records Provided by Defendant-Appellee's Counsel Did *Not* Contradict Plaintiff-Appellant's Allegations; Thus, Plaintiff-Appellant's Counsel Did Not Violate Rule 11.</u>

Defendant-Appellee's claims that the *Lokhova v. Halper* case relied upon in Plaintiff-Appellant's opening brief is inapplicable.  However, Defendant-Appellee glosses over the facts and fails to demonstrate why the ruling in such case is not instructive here. Resp. Br. at 21-23 (citing 30 F.4th at 349). Put simply, *Lokhova* demonstrates that in order for Rule 11 sanctions to be appropriate, ***there must be no universe*** in which a plaintiff's claims can succeed or be proven true, based on the facts available at the time of their filing. 30 F.4th 349.

Similar to the instant matter, the defendant in *Lokhova* sent the plaintiff two letters before the plaintiff filed the complaint at issue. *See id.* at 354-55. In both letters, the defendant claimed that the plaintiff's claims were frivolous and without merit based on existing legal precedent. *Id.* However, relevant to the instant matter, the Fourth Circuit disagreed with the defendant and the lower court, finding that because there was a chance of success for *Lokhova's* legal arguments based on a *more developed factual record*, that Rule 11 sanctions were not warranted. *Id.* at 358-59 ("[W]e conclude that the court could not have properly concluded that Lokhova's complaint, even when taken in light of the Halper letters, had absolutely

14

no chance of success."). As such, because a more developed factual record could have proven Plaintiff-Appellant's allegations, Defendant-Appellee's arguments that *Lokhova* is inapplicable must be ignored. Resp. Br. at 21-23.

**B.    Additional Medical Records Obtained by Plaintiff-Appellant's Counsel After the Court's Order Granting Defendant-Appellee's Motion for Sanctions Further Showcase Plaintiff-Appellant's Allegations Were *Not* Disproven at the Time of Filing.**

Similarly, Defendant asserts that the additional medical records Plaintiff-Appellant's Counsel obtained from Estrella Solis, the wife of deceased Narciso Solis,[3] after the Court's Order granting Defendant-Appellee's Motion for Sanctions (J.A. 403-419), do not demonstrate Plaintiff-Appellant's Counsel performed an appropriate prefiling inquiry. Resp. Br. at 24-27. However, once again, Defendant-Appellee's arguments miss the point. *See id.*

Pursuant to Rule 11, as explained in *In re Kunstler*, for sanctions to be appropriate, "allegations unsupported by *any* information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove [. . .]." 914 F.2d at 514. Defendant-Appellee's argument up until this point has been that the medical records provided by Defendant-Appellee's Counsel alongside its Rule

---

[3]Plaintiff-Appellant's Counsel was able to obtain such additional medical documents only *after* Solis's surviving spouse, Estrella Solis's attorney, requested information to determine whether his client should participate in this FLSA/NCWHA collective/class action on behalf of her deceased husband for unpaid overtime and promised wages. J.A. 159-160.

11 letters *wholly* disprove and flatly contradicted" Plaintiff-Appellant's allegations. Resp. Br. at 19-20. Indeed, in Defendant-Appellee's responsive brief, Defendant cites *Baker v. Booz Allen Hamilton, Inc.,* 358 F. App'x 476, 484 (4th Cir. 2009) for its contention that "Rule 11 empowers the district court to sanction a party or lawyer for insisting on a position after it is no longer tenable." Resp. Br. at 24-25.

Indeed, Defendant-Appellee's production of Solis's medical records did *not* entirely disprove Plaintiff-Appellant's allegations, and no "minimal factual inquiry" would have disproven Plaintiff-Appellant's allegations, (O.B. 23-33), especially given the anticipated complexities in testing the veracity of the documents produced, including but not limited to, whether Plaintiff-Appellant had received a complete set of Solis's medical information and whether treating physicians would have been available to discuss such records and Solis's overall medical treatment. *See id.* Rather, the additional medical records further showcase this point, demonstrating that the medical records provided by Defendant-Appellee's Counsel did *not* represent the entirety of Solis's medical history, and that such documents did not foreclose the possibility that Solis could not have suffered a fracture from the accident, could not have remained in the hospital in critical care following the accident due to complications following the accident, or that the work accident did

16

not play a role in his untimely death. O.B. 23-33 (providing a detailed comparison of each allegation stricken by the district court).

In addition, Defendant-Appellee's reliance on *Baker* is also misplaced,[4] as in that case, the Fourth Circuit found that it was not "objectively unreasonable" for the plaintiff to have included the claims included because there was no chance of success for such claims. 358 F.App'x at 484. Furthermore, Defendant relies on *In re Kunstler* to support its argument but ignores the facts of such a case.[5] Specifically, in *In re Kunstler* the district court held appellants violated Rule 11, "by failing to make a reasonable inquiry to determine that the complaint stood well-grounded in fact and warranted by existing law, and by filing the complaint for an *improper purpose*." *See id*. at 513. In part, the Fourth Circuit held that "errors pervade[d] the complaint and concerned information which either was or should have been known to appellants." *Id.* at 514-15. Despite two documents being available that *wholly* contradicted their claims, appellants relied fully on discovery "in the hope of finding some factual support for many of their claims." *See id*. The Fourth Circuit recognized that "a lawyer may rely on discovery to reveal additional facts to support claims which are well grounded in fact, **[however] Rule 11 sanctions are appropriate**

---

[4] Resp. Br. at 24-25.
[5] Resp. Br. at 25.

**when a lawyer attempts to use discovery to support outrageous and frivolous claims for which there is *no* factual support."** *See id.*

Unlike in *In re Kunstler*, Plaintiff-Appellant only relied on Plaintiff-Appellant's factual recollection to describe the chronological series of events beginning with Defendant-Appellee's history in allowing employees such as Plaintiff-Appellant and Solis to repair faulty machinery without the proper certification to engage in such repairs, followed by Defendant-Appellee's direction to Plaintiff-Appellant to assist Solis with production (only to find Solis struggling with his machinery), resulting in Solis's work-related accident, and finally the investigation which Plaintiff-Appellant participated in, which Plaintiff-Appellant asserts motivated Defendant-Appellee in retaliating against Plaintiff-Appellant (for providing information that was *not* favorable to Defendant-Appellee's investigation) resulting in Plaintiff-Appellant's wrongful termination. Thus, the factual inquiry necessary to file a complaint was satisfied prior to filing Plaintiff-Appellant's FAC, and additionally, because the documents provided by Defendant did not contradict Plaintiff-Appellant's allegations. O.B. at 23-33.

18

C.    **Plaintiff-Appellant's Counsel Did Not Receive Proper Notice Prior to the Court Granting Defendant-Appellee's Motion for Sanctions Where the Defects Alleged by Defendant-Appellee Differed from the Findings for Which the District Court Sanctioned Plaintiff-Appellant's Counsel.**

In addressing Plaintiff-Appellant's argument regarding a lack of proper notice pursuant to Rule 11, Defendant-Appellee completely disregards[6] due process concerns whereby Plaintiff-Appellant's Counsel was not provided adequate notice given conflicting information between Defendant-Appellee's Rule 11 Notice to eliminate numerous factual allegations *and* voluntarily dismiss claims, whereas the district court's basis for sanctions Plaintiff-Appellant's Counsel was due to her failure to conduct a "reasonable" inquiry relating to *three* (3) allegations rather than the dismissal of three (3) *individual claims* in their entirety. O.B. at 37-40. Indeed, there was no clear direction placed on Plaintiff-Appellant's Counsel on how to cure the alleged deficiencies raised by Defendant-Appellee's Counsel in its safe harbor letters, other than demanding Plaintiff-Appellant's removal of individual claims. O.B. at 37-40. Defendant-Appellee's attempts to distinguish from the *In re Glasco* decision, which demonstrates that attorneys should be given adequate notice of the conduct for which they are going to be sanctioned in order to have a meaningful opportunity to defend themselves. Resp. Br. at 28-29 (citing 321 B.R. 695

---

[6] Resp. Br. at 28-31.

(W.D.N.C. 2005)).[7] Much like the attorney in *In re Glasco*, Plaintiff-Appellant's

Counsel here was *not* properly advised of the scope of sanctionable conduct by the

Court, especially since Plaintiff-Appellant's Counsel had legitimate questions about

how Defendant-Appellee's Counsel had acquired a third-party's medical

documents; whether Plaintiff-Appellant could even review such private medical

information relating to a third party; Defendant-Appellee's motive[8] in sending such

a Rule 11 Notice in light of demands to dismiss Plaintiff-Appellant's individual

claims, supported by *other* factual allegations, and *not* factual allegations relating to

Solis's work-related accident which were provided for context and *not* core to

Plaintiff-Appellant's FAC. As such, Plaintiff-Appellant's Counsel was not given

meaningful opportunity to address Defendant-Appellee's Counsel's concerns given

that in Defendant-Appellee's Counsel's Rule 11 letters, Defendant-Appellee made

clear it was not "seek[ing] only to have the sanctionable allegations stricken from

the Complaint," but also, that Plaintiff-Appellant needed to withdraw his individual

---

[7] Further, Defendant-Appellee argues unconvincingly that some sort of "bankruptcy standards" prevent Plaintiff-Appellant from being able to rely on *In re Glasco*, however, Defendant-Appellee fails to explain how or why given that the *Glasco* court was ruling specifically on an appeal of a motion for Rule 11 sanctions, applying the legal standards of Fed. R. Civ. P. 11. 321 B.R. at 695.

[8] The district court was advised that Defendant-Appellee's Counsel has been subject to a public reprimand by the Northern District of Alabama. J.A. 154-155. Thus, Plaintiff-Appellant had serious concerns given that Defendant-Appellee's Counsel was using Solis's *first* day's medical records to support a Rule 11 letter to insist on the dismissal of Plaintiff-Appellant's individual claims.

claims to "cure" the alleged deficiencies raised by Defendant-Appellee. J.A. 352-353; J.A. 368-369; J.A. 391.

Likewise, Defendant-Appellee's attempts to distinguish from *Howell v. Nesbit* also fail, as Defendant disregards that *Howell* demonstrates *plainly* that Rule 11 sanctions orders can be reversed where the notice requirement is *not* satisfied. Resp. Br. at 30-31 (citing 149 F.3d 1168 (4th Cir. 1998)). Much like *Howell,* Plaintiff-Appellant's Counsel was *not* given proper notice that only removing Plaintiff-Appellant's allegations relating to Solis would cure Defendant-Appellee's alleged deficiencies. Instead, Defendant-Appellee made clear that Plaintiff-Appellant's Counsel would have to remove ***both*** (1) numerous factual allegations contained in the Original and FAC **and** (2) Plaintiff-Appellant's individual claims. J.A. 357-380, 403-419.  Despite Rule 11 requiring due process through adequate notice, Plaintiff-Appellant's Counsel was *still* sanctioned. *See id.*; O.B. at 35-40.

Succinctly, Plaintiff-Appellant's Counsel was not willing to acquiesce to Defendant-Appellee's pressure to voluntarily dismiss Plaintiff-Appellant's individual claims; therefore, the district court's refusal to reconsider its order granting sanctions for failing to simply remove three (3) allegations relating to Solis's work accident, deprived Plaintiff-Appellant's Counsel of proper due process. O.B. at 37-40.

**D.** **The District Court Improperly Denied Plaintiff-Appellant's Motion for Reconsideration Based on Newly Discovered Evidence.**

First, Defendant-Appellee seemingly argues that because this action has not been conditionally certified pursuant to the FLSA and/or certified pursuant to Fed. R. Civ. P. 23, Estrella Solis's involvement as an opt-in Plaintiff (on behalf of her husband), and *any* production of medical documents carries no weight. Resp. Br. at 32. However, Defendant-Appellee cites no authority supporting the same. *See id.* Rather, it is permissible and is common practice for plaintiffs to opt into cases prior to conditional and/or class certification to begin preserving their claims as early as possible. *See Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989); *Zavala v. Wal-Mart Stores Inc.,* 691 F.3d 527, 535-36 (3d Cir. 2012); *Symczyk v. Genesis Healthcare Corp.,* 656 F.3d 189, 194 (3d Cir. 2012) (finding that conditional certification "is neither necessary nor sufficient for the existence of a representative action under the FLSA.") (quoting *Myers v. Hertz Corp*., 624 F.3d 537, 555 n. 10 (2d Cir. 2010)); *see also e.g. Cirillo v. Citrix Systs., Inc.*, Ca. No. 5:21-CV-88-BO, ECF 2 (E.D.N.C.) (an opt-in form from a prior employee prior to conditional certification).

Moreover, the additional medical records provided by Estrella Solis further demonstrate that Defendant-Appellee was not fully transparent in its production of a singular set of medical records as forwarded to Plaintiff-Appellant's Counsel

alongside its Rule 11 letters, which did *not* fully encompass the extent of Solis's injuries. J.A. 357-380. More specifically, the new medical records further support Plaintiff-Appellant's argument that Plaintiff-Appellant's Counsel performed the appropriate pre-filing inquiry into Solis's injuries given that the one-day set of medical records provided by Defendant-Appellee did *not* contradict or *wholly* disprove Plaintiff-Appellant's allegations. O.B. 23-33.

1.    Medical Records from Estrella Solis Were New *and* Could Not Have Been Discovered Sooner Due to Ethical Rules.

Defendant-Appellee claims that medical records of Narciso Solis could have been obtained earlier, completely ignoring the ethical rules, whereby Plaintiff-Appellant's Counsel was forbidden from discussing matters for which Estrella Solis was represented by counsel prior to Estrella Solis opting into the instant matter. Resp. Br. at 33-36. After Estrella Solis opted into the instant matter, she became a client of Plaintiff-Appellant's Counsel, allowing Plaintiff-Appellant's Counsel to delve into the details regarding Estrella Solis's husband's incident at OPW, in addition to requesting additional medical records relating to the same. O.B. at 42-46.

Defendant-Appellee further claims that even if such information is considered new, the new medical records further demonstrate Plaintiff-Appellant's Counsel failed to conduct a reasonable investigation following Defendant-Appellee's second Rule 11 letter. Resp. Br. at 35-36. However, Defendant-Appellee has yet to explain

what sort of additional investigation Plaintiff-Appellant's Counsel could have performed considering the only way to gather additional information regarding Solis's injuries would have required her to (1) ask Estrella Solis, who, as mentioned above, was represented by counsel about factual matters that were actively ongoing in connection with a current workers' compensation litigation against Defendant- or (2) to obtain medical records regarding Narciso Solis, a third-party, which Plaintiff-Appellant's Counsel did not have the authority or permission to obtain without violating HIPPA regulations or obtaining consent from Estrella Solis and violating professional rules of responsibility by speaking to a party represented by counsel. *See* N.C. R. Prof. Cond. 4.2; Resp. Br. at 33-36.

Even assuming Plaintiff-Appellant's Counsel could have requested permission to discuss Estrella Solis's husband's injuries at OPW, Defendant-Appellee has failed to cite any authority indicating that such would be considered reasonable under the circumstances or even permissible. Resp. Br. at 33-36. In other words, there is no basis to suggest that engaging in impermissible actions would have constituted "reasonable" inquiry. Once again, the requisite determination for whether an attorney performed an appropriate pre-filing inquiries depend on whether the attorney acted *objectively* reasonable under the circumstances. *Bus. Guides, Inc.*, 498 U.S. at 535. Moreover, an attorney should only be sanctioned where they continue with a position that has been *wholly* disproved. *In re Kunstler,* 914 F.2d at

514. Crucially, Defendant-Appellee has failed to provide *any* authority indicating that Plaintiff-Appellant's Counsel was required to reach out to additional third parties and witnesses to test the veracity of Defendant-Appellee's limited medical records or determine the extent of Narciso Solis's injuries, especially where the medical records provided by Defendant-Appellee did *not* entirely foreclose Plaintiff-Appellant's allegations relating to Solis's accident and condition. As such, the additional medical records provided by Estrella Solis once she opted into this action represented "new" evidence. Resp. Br. at 33-36.

> 2.    The Medical Records and Additional Evidence Further Demonstrates the Singular Set of Medical Records Provided by Defendant-Appellee Were Cherry-Picked and Not Representative of the Entirety of Solis's entire Medical History.

Furthermore, the medical records supplied by Estrella Solis further illustrate that Plaintiff-Appellant's allegations regarding Solis were not disproven by Defendant-Appellee's Counsel's medical records. O.B. at 23-33. Specifically, the medical records and the declaration of Estrella Solis support Plaintiff-Appellant's allegation that Solis spent months in the hospital following the accident at OPW and the work accident contributed, *in part*, to Solis's death. O.B. at 27-31. ███████

███████████████████████████████████████████

███████████████████████████████████████████

following the event whereby a large piece of machinery slammed into his stomach,

throwing him across his work area and landing on concrete due to Defendant-Appellee's faulty machinery. O.B. at 27-31.

In its response, Defendant-Appellee continues to disregard relevant authority providing that an attorney should not be sanctioned under Rule 11 where there is a chance of success regarding allegations in a complaint. Resp. Br. at 38. In the district court's order granting Defendant-Appellee's Motion for Sanctions, the district court recognized this requirement, holding that violations of Rule 11 do not occur when an attorney certifies that "to the best of the person's knowledge, information and belief, formed after an inquiry *reasonable under the circumstances*, the document's factual contentions have evidentiary support or, if specifically so identified, *will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.*" J.A. 412-413 (internal quotations omitted) (citing Fed. R. Civ. P. 11(b) & (b)(3)). The district court also recognized that a party has complied with Rule 11, so long as all of the information "which can be obtained prior to the suit supports the allegations made, even though further facts must be obtained through discovery to finally prove the claim." J.A. 413 (citing *In re Kunstler*, 914 F.2d at 516).

Therefore, whether Plaintiff-Appellant's contentions had a chance of success is absolutely relevant to the determination as to whether Plaintiff-Appellant's Counsel performed the appropriate pre-filing inquiry. Particularly, it is Defendant-

Appellee's *repeated* position, and the district court's holding, that Plaintiff-Appellant's Counsel failed to conduct the appropriate pre-filing inquiry *because* the medical records provided by Defendant-Appellee "disproved" Plaintiff-Appellant's allegations. The district court specifically looked to each of the alleged deficiencies raised by Defendant-Appellee to determine whether the medical records contradicted Plaintiff-Appellant's position. J.A. 413-419.

Importantly, because the district court found that the medical records *did not* wholly disprove Plaintiff-Appellant's claim that Solis's accident at OPW was "life-threatening," the district court declined to strike this allegation or to issue sanctions relating to this allegation. J.A. 413. However, relating to the allegations for which the district court ultimately sanctioned Plaintiff-Appellant's Counsel, the district court held that "[t]he claims about the extent of Solis's injuries [we]re contradicted by his medical records" and that "the care Solis received and his cause of death [we]re called into question by the medical records." J.A. 414-415. Because the additional medical records withheld by Defendant-Appellee further demonstrate and support Plaintiff-Appellant's contentions that his allegations were not, and could not have been, disproven, by Defendant-Appellee's singular set of medical records, Plaintiff-Appellant's Counsel was erroneously sanctioned.

## **CONCLUSION**

Accordingly, Plaintiff-Appellant respectfully requests this Court reverse the district court's order granting Defendant-Appellee's Motion for Sanctions, up to and including, $10,000 in attorney fees and expenses, and order denying Plaintiff-Appellant's Motion for Reconsideration and remand for further proceedings.

Respectfully submitted,

/s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiff-Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

(1) This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

(2) Exclusive of the table of contents; table of citations; certificate of compliance and the  certificate of service, this Opening Brief of Plaintiff-Appellant contains <u>5,605 words.</u>

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and a copy of the word or line printout.

October 9, 2024

/s/ *Gilda A. Hernandez*

Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiff-Appellant*

## **CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this October 9, 2024, filed the foregoing Reply Brief of Plaintiff-Appellant in the Office of the Clerk of the Court, electronically using the Court's CM/ECF system which will send notification of such filing to all counsel of record. The sealed brief was sent via third party commercial carrier to:

> FISHER & PHILLIPS, LLP
> David I. Klass
> 227 West Trade Street Suite 2020 Charlotte NC 28202
> 704-334-4565
> dklass@fisherphillips.com

> /s/ *Gilda A. Hernandez*
> Gilda A. Hernandez (NCSB No. 36812)
> Hannah B. Simmons (NCSB No. 59579)
> Matthew Marlowe (NCSB No. 60035)
> **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
> 1020 Southhill Drive, Suite 130
> Cary, NC 27513
> Tel: (919) 741-8693
> Fax: (919) 869-1853
> ghernandez@gildahernandezlaw.com
> hsimmons@gildahernandezlaw.com
> mmarlowe@gildahernandezlaw.com

> *Attorneys for Plaintiff*